The Indiana, Bloomington and Western Railway Company v. Overman.

No. 11,862.

## THE INDIANA, BLOOMINGTON AND WESTERN RAILWAY COMPANY v. OVERMAN.

RAILROAD.—*Negligence.*—*Escape of Fire from Right of Way.*—*Destruction of Property on Adjoining Land.*—*Damages.*—*Complaint.*—A complaint against a railroad company alleged that coals and sparks from the defendant's locomotive engine set fire to combustible materials negligently allowed to accumulate on its right of way; that such fire was negligently permitted by the defendant to escape and to communicate to the plaintiff's land, and burn his growing grass and his fences, and, without fault or negligence on the part of the plaintiff, said fire, by the negligence of the defendant suffered to escape from its premises to the plaintiff's land, did burn and destroy his barn, etc.

*Held*, that the complaint shows, with sufficient certainty to withstand a demurrer, that the escape of the fire from the right of way and the destruction of the plaintiff's property both occurred through the negligence of the defendant and without the fault of the plaintiff.

SAME.—*Liability of Company.*—*Evidence.*—*Character of Stack and Fire-Box.*—If a railroad company sets fire to dry grass and other combustible materials which it has negligently suffered to accumulate on its right of way, and, without the fault of an adjoining land-owner, permits such fire to escape to the latter's land and destroy his property, it is liable whether the fire was negligently started or otherwise, and there is no available error in excluding evidence as to the kind of stack, fire-box and ash-pan in use on its locomotives.

From the Henry Circuit Court.

*C. W. Fairbanks* and *O. Gresham*, for appellant.

*L. P. Newby, J. Brown* and *W. A. Brown*, for appellee.

HOWK, J.—The first error, of which appellant here complains, is the overruling of its demurrer to appellee's complaint. The complaint contained four paragraphs, to each of which appellant demurred upon several grounds of objection; but, in this court, the only objection urged to either paragraph of complaint is, that it does not state facts sufficient to constitute a cause of action. In their brief of this cause, appellant's counsel concede that substantially the same facts are stated in each of the first three paragraphs of complaint; and, therefore, we need only to consider and pass

upon the question of the sufficiency of one of these paragraphs, and the objections of counsel thereto, in this opinion.

In the first paragraph of his complaint the appellee averred that he was the owner of certain lands in Henry county, Indiana, and that such lands adjoined appellant's railroad and right of way; that a part of his lands was sown with timothy seed and was producing a large and valuable crop of grass and hay; that appellee's barn, a large and valuable building, was situate on his lands aforesaid, within about six hundred feet of appellant's railroad and right of way, and such barn contained a large lot of lumber and a number of agricultural implements, all of great value and belonging to appellee; that on or about the 18th day of April, 1883, coals were negligently dropped and sparks emitted from appellant's locomotive engine, which set fire to dry grass, weeds, stubble, rubbish and other combustibles, which appellant negligently suffered and permitted to gather, accumulate and remain on its road and right of way, and along its track near appellee's lands as aforesaid; that the coals dropped from such locomotive and the sparks of fire emitted therefrom, as aforesaid, set fire to such dry grass, weeds, rubbish and other combustible substance and materials aforesaid, and that such fire, through the medium of such combustible materials, was then and there carelessly and negligently allowed, suffered and permitted by appellant to communicate to appellee's lands aforesaid, and then and there burn such growing grass, a large lot of appellee's fence, which was then and there upon his lands and of great value, and then and there and thereby, without fault or negligence on the part of appellee, said fire, by the negligence of appellant suffered to escape from its premises to appellee's lands, did then and there burn and totally destroy appellee's barn, and his lumber and agricultural implements therein, and the fence and growing grass aforesaid, to appellee's damage in the sum of $1,000. Wherefore, etc.

It is claimed by appellant's counsel, with much apparent

confidence, that this paragraph of appellee's complaint was bad on the demurrer for the want of facts, because it is not stated therein with sufficient certainty or clearness, that appellee was free from fault or negligence, *before* the fire escaped by and through the negligence of appellant from its road and right of way. Counsel say: "It will be seen that the only allegation, that the plaintiff was free from contributory negligence, was with respect to the actual burning of his property *after* the fire had escaped to the right of way, and *after* it had escaped from the right of way to his premises. This is not sufficient." Counsel cite in support of their position the case of *Wabash, etc., R. W. Co.* v. *Johnson,* 96 Ind. 40. We approve the doctrine of the case cited, but we fail to see that it lends any support to the contention of counsel, in the case under consideration. In the case cited the court said: "In the complaint before us the allegation is that the fire was suffered to escape through the negligence of the defendant and without the fault of the plaintiff, but it is not averred that the loss resulted without any negligence of the plaintiff. The allegation of the pleading is confined to the act of suffering the escape of the fire, and by no rule of construction can it be extended to embrace the loss or injury."

But in the case before us, we are of opinion that, by fair construction, the paragraph of complaint we are now considering has stated, with sufficient clearness and certainty to withstand a demurrer, that the escape of the fire from the right of way to appellee's premises, and the burning and destruction of his property, both occurred through the negligence of appellant, and both without any fault or negligence on the part of the appellee.

In section 376, R. S. 1881, it is provided that "In the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties." Applying this rule of construction to the several paragraphs of complaint, in the case under consideration, we have no difficulty in reach-

ing the conclusion that appellant's demurrer to each of such paragraphs was correctly overruled. *Pittsburgh, etc., R. W. Co.* v. *Hixon, ante,* p. 225.

Appellant's counsel also complain in argument of the court's refusal to give the jury two certain instructions, at appellant's request. In the first of these instructions, the court was asked to charge the jury, that, if they found that the fire originated on the right of way, negligence on the part of appellant could not be inferred from that fact alone, but the appellee must prove that the fire was caused by some defect or imperfection in appellant's machinery, or by want of care, prudence or skill on the part of its employees who had charge of its locomotive or train, and if appellee had failed to prove this by a preponderance of the evidence, they must find for appellant. There was no error, we think, in the refusal of this instruction. It proceeds upon a wrong theory. If appellant set fire to the dry grass and other combustible materials, which it had negligently suffered to accumulate on its track and right of way, and, without fault on appellee's part, permitted such fire to escape to his lands and burn and destroy his property, appellant would be liable to appellee for his damages, whether such fire was negligently started or otherwise. The second instruction requested by appellant proceeds upon the same theory, and is open to the same objections as the first instruction, and, for the same reasons, was correctly refused by the court.

For the same reasons, also, we think there was no available error in the court's exclusion of the evidence offered by appellant, in reference to the kind of stack, fire-box and ash-pan in use on its locomotives. The facts that appellant negligently permitted dry grass and other combustible materials to accumulate on its road and right of way, and that fire was communicated thereto from its locomotives in some manner, were shown by an abundance of uncontradicted evidence. The appellee's case, however, could not be, and was not, rested upon these facts, for the appellant had the right to set fire to

and burn the dry grass and other combustible materials on its right of way; but it was bound at its peril to keep such fire within the limits of its right of way. The gist of appellee's cause of action, as stated in each paragraph of his complaint, was, that the appellant, without any fault of appellee, had negligently permitted such fire to escape from its right of way and to burn and destroy appellee's property. This cause of action was sustained by sufficient evidence, and no error is manifest in the record before us which requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Feb. 19, 1887; petition for a rehearing overruled June 28, 1887.