The Ohio and Mississippi Railway Company v. Trapp.

No. 120.

# THE OHIO AND MISSISSIPPI RAILWAY COMPANY v. TRAPP.

RAILROAD.—*Destruction of Property by Fire from Engine.—Complaint.—Sufficiency of.—Gravamen of Action.*—Where a complaint alleged that the defendant railroad company, while running a locomotive engine on its road, carelessly discharged sparks and coals of fire therefrom upon the right of way, igniting a quantity of combustible material negligently permitted to accumulate thereon, and carelessly permitted the fire so set out to escape and communicate to plaintiff's premises adjoining, where it spread and burned over her farm land, consuming hay and fences thereon, a motion to make the complaint more specific, so as to show in what the alleged negligence in discharging the coals and sparks from the engine consisted, whether in its improper equipment or careless operation, was rightly overruled, as the *gravamen* of the action was the negligent escape of the fire. This might be established by showing that the defendant omitted to adopt prudent means to prevent the escape, or that through its carelessness the surroundings were permitted to be such that the escape of the fire was the ordinary sequence of its setting out.

SAME.—*Interrogatories to Jury.—Names of Witnesses.*—In such an action it was not error to strike out certain interrogatories proposed by the defendant for the jury to answer which required the name of any witness who testified that the fire complained of was set out by a locomotive engine operated by the defendant. The origin of such a fire is often proved by circumstances. It is not necessary to prove it by direct or positive evidence. If the interrogatories had been submitted, and the most favorable answers to the defendant secured, the result would not have been affected, and it is not error to reject an interrogatory which could not have affected the general verdict, however answered.

SAME.—*Interrogatories to Jury.—Non-issuable Fact.*—An interrogatory inquiring if the land upon which the damages were committed did not stand on the tax duplicate in the name of the plaintiff's husband for purpose of taxation, was properly rejected, as it related to no issuable fact in the case.

SAME.—*Evidence.—Cost of Replacing Fence Destroyed.*—It was proper to refuse to permit the defendant to prove the cost of wire fencing which it was claimed might be used to replace that which was destroyed. The value of the fence destroyed was the measure of damages, regardless of what some other fence which might be as efficient for protection would cost.

SAME.—*Right of Plaintiff to Recover.—Life Use of Land.—Statute of Frauds.—*

*Parties Plaintiff.*—Where the land on which the hay was growing, and on which the fences were located, was land left by the plaintiff's intestate husband, and occupied by her under a parol agreement with her children, one being a minor, that she should have a life lease therein, she was entitled to recover for the entire loss of the hay crop averred in the complaint as one in the actual possession of real estate may sue a wrong-doer for an injury thereto, and his right can not be defeated by proof that the title is in another. The agreement between the plaintiff and her children, though within the statute of frauds, was not absolutely void, and the stipulation therein that she should keep up the improvements was binding upon her. The destruction of the fences was an injury to her primarily and individually, for which she could recover without uniting the children with her as co-plaintiffs.

WITNESSES.—*Not Testifying.*— *When Costs of may be Recovered.*—If a party is induced to summon witnesses and incur expense by the conduct of his adversary, he will not lose the right to recover the costs of such witnesses, fees and mileage, by the subsequent conduct of his adversary in rendering their services unnecessary.

JURY.—*Discharge of Regular Panel for Term.—Right to Call By-standers.*— Where the regular panel, after the disposition of all the causes in which a jury had not been waived were disposed of, were discharged for the term, and counsel for both sides in a cause on the docket had announced their willingness to try the cause without a jury, and counsel for appellant were present when the regular panel were discharged finally, and made no objection thereto, and when the cause came on for trial appellant demanded a jury, and insisted upon the return of the regular panel, it was not error for the court to overrule the appellant's demand, and to call a jury from among the by-standers. See section 1396, R. S. 1881.

From the Jennings Circuit Court.

*G. F. Lawrence,* for appellant.

*A. G. Smith,* for appellee.

CRUMPACKER, J.—Margaret Trapp sued the railroad company before a justice of the peace to recover damages for the destruction of fence rails and growing hay and grass by fire. The complaint is in two paragraphs, the first charging in substance that the defendant owned and operated a line of railroad through Jennings county, and on the — day of July, 1887, while running a locomotive engine on said road, carelessly discharged sparks and coals of fire therefrom, upon

the right of way, igniting a large quantity of dry grass, weeds and other combustible material which the defendant had negligently permitted to accumulate and be upon the right of way, and the defendant carelessly permitted the fire so set out to escape and communicate to plaintiff's premises adjoining, where it spread and burned over her farmland, consuming and destroying five acres of growing hay of the value of fifty dollars.

The second paragraph is the same in substance as the first, but it charges the destruction of 1,392 fence rails and fifteen acres of growing pasture.

The cause was tried upon the issues created by the statute before the justice, and an appeal was taken from the judgment of the justice to the Jennings Circuit Court. There the defendant filed a motion in writing to require the plaintiff to make each paragraph of complaint more specific, so that it would show in what the alleged negligence in discharging sparks and coals from the engine consisted—whether in its improper equipment or careless operation. The motion was overruled, and the cause was tried by a jury and resulted in a verdict for plaintiff. Judgment was rendered upon the verdict and the defendant appeals and assigns a number of errors for a reversal of the judgment.

It is first insisted that the court erred in overruling the motion to make the complaint more specific.

Ordinarily, appeals from justices of the peace are tried upon the issues made before the justice, but in this case no objection was made to the filing of the motion, and the question seems to have been treated by the parties as if the cause originated in the circuit court, and this court will consider it in the same manner. In actions of the class to which this belongs the *gist* of the wrong is negligence in suffering the fire to escape from the premises of the defendant. One has the right to set fire upon his own premises, and his prudence or lack of prudence is of no legal concern, unless he permits the fire to escape and commit injury. *Wabash, etc., R. W. Co.*

v. *Johnson*, 96 Ind. 40; *Indiana, etc., R. W. Co.* v. *McBroom*, 91 Ind. 111; *Louisville, etc., R. W. Co.* v. *Ehlert*, 87 Ind. 339; *Pittsburgh, etc., R. W. Co.* v. *Hixon*, 79 Ind. 111; *Pittsburgh, etc., R. W. Co.* v. *Culver*, 60 Ind. 469.

If, however, in the case before us, the sparks and coals emitted from the engine had communicated directly to the appellee's property and ignited it, the question raised by counsel for appellant would have been pertinent. But when one is in the prosecution of a business which endangers surrounding property by fire, and while thus engaged sets out fire in such environments that its spread is a natural sequence, and it does spread and commit damages, it is an actionable wrong, and the manner in which it is set out is immaterial, provided the wrong-doer is legally responsible for the environments. It is impossible to operate a railroad without danger from fire, and prudence requires railroad companies to keep the property under their control reasonably clear and free from combustible material which might serve as a medium to communicate fire to adjoining property. In an action against a railroad company for damages caused by fire carried through a bed of combustible rubbish on the right of way to adjoining property, the *gravamen* is the negligent escape of the fire. This may be established by showing that the defendant omitted to adopt prudent means to prevent its escape, or that through his carelessness the surroundings were permitted to be such that the escape of the fire was the ordinary sequence of its setting out. *Louisville, etc., R. W. Co.* v. *Nitsche*, 126 Ind. 229; *Brummit* v. *Furness*, 1 Ind. App. 401. There was no error in overruling the motion.

The next question discussed by counsel for appellant relates to the action of the court in ordering the sheriff to empanel a jury of bystanders to try the cause. It appears by the record that the regular panel had been in attendance during the early part of the term, until all of the causes in which a jury had not been waived were disposed of, and

were then discharged for the term. Counsel for both sides had announced their willingness to try the cause by the court without the assistance of a jury, and counsel for appellant were present when the regular panel were discharged finally, and made no objection thereto. When the cause came on for trial appellant demanded a jury, and insisted upon the return of the regular panel.

Section 1396, R. S. 1881, provides that "in all cases when the proper officers have failed or refused to draw and empanel a traverse jury, or where, for any other cause whatever, no traverse jury shall be present at any term of the court, it shall be lawful and is hereby made the duty of the circuit court, if the business thereof require it, to order the sheriff to summon a jury from the bystanders," etc. Merely because the regular jury had been in attendance during the term did not take from the court the power to call a special jury after the discharge of the regular panel.

If the regular jury for any cause is not present at any time during a term of court, and the business of such court requires a special jury, the court has the power to order one. Besides, appellant having announced its waiver of a jury trial, and consented to the discharge of the regular panel, and having afterwards demanded a jury, will not be permitted to successfully question the court's action in calling a jury from among the by-standers to try the cause.

Complaint is next made of the action of the trial court in striking out interrogatories numbered one, two, three and sixteen of a series proposed by appellant for the jury to answer. The first three inquired the name of any witness who testified that the fire complained of was set out by a locomotive engine operated by appellant. If the questions had been submitted, and the jury had answered that no witness so testified, the most favorable responsive answer for appellant, the result would not have been affected. The origin of fires is often proved by circumstances. It is not necessary to prove it by direct or positive evidence. No witness may

have testified that the fire was started by an engine operated by appellant, and yet the evidence may have fully justified the inference that it was so started.

It is not error to reject an interrogatory which could not have affected the general verdict however answered. *Taylor* v. *Wootan*, 1 Ind. App. 188.

The sixteenth interrogatory inquired if the land upon which the damages were committed did not stand on the tax duplicates for purposes of taxation in the name of John Trapp, appellee's deceased husband. This was wholly immaterial, as it related to no issuable fact in the case, and was, therefore, properly rejected.

Complaint is made of the ruling of the court in refusing to permit appellant to prove the cost of wire fencing, which it was claimed might be used to replace that which was destroyed. But there was no error in such ruling. The value of the fence destroyed was the measure of damages, regardless of what some other fence, which might be as efficient for protection, would cost. One has the right to fence his land as he chooses, and another who wrongfully destroys it will not be permitted to pay or mitigate the claim for damages by showing that another kind of fence would be less expensive and as efficient to restrain stock.

It was shown by the evidence that the appellee was the widow of John Trapp, who died several years before the injury intestate, and who was the owner of the land at the time of his death ; also, that he left nine children surviving him, and the title remained in his widow and children.

It was also shown that the children of said decedent had all agreed with the appellee that she should have the use and possession of the real estate during life, and that she should pay the taxes and keep up the improvements thereon. She was in possession by virtue of her right as the owner of one-third of the land and as lessee of her co-tenants. This agreement was by parol, however, and one of the children was a minor. The court instructed the jury that if such agreement

The Ohio and Mississippi Railway Company *v.* Trapp.

existed appellee had the right to recover the entire damages.

It is contended on behalf of appellant that the agreement is in violation of the statute of frauds, and that the appellee at most could only recover one-third of the damages. A parol lease of lands for more than three years in this State is within the terms of the statute, and can not be enforced, but it is not void. If the lessee is in possession under such a lease, he is a tenant from year to year upon the terms fixed by the contract. He is entitled to all of the benefits of the agreement, and must perform its burdens, except as to the length of the term. *Nash* v. *Berkmeir*, 83 Ind. 536; *Railsback* v. *Walke*, 81 Ind. 409.

This being true, the destruction of the growing hay and pasture was an injury to the annual crop, which belonged to the appellee in her own right and as lessee of her co-tenants, and she is entitled to recover for the whole injury.

It was probably the common law rule that in an action for damage to realty owned by several tenants in common, all should be joined as plaintiffs, although a release by one bound all. *Grossman* v. *Lauber*, 29 Ind. 618; *Austin* v. *Hall*, 13 Johns. 286; *Kimball* v. *Boynton*, 22 Me. 291; *Kimball* v. *Wilson*, 3 N. H. 96; *Allen* v. *Woodward*, 2 Foster, 544; *Stapleton* v. *King*, 33 Iowa 28; *People, ex rel.*, v. *Keyser*, 28 N. Y. 226; *May* v. *Slade*, 24 Tex. 205.

We need not decide whether this rule obtains under our code, because under the terms of the lease it was the appellee's duty to maintain the improvements, and this would require her to rebuild the fence destroyed, and in this view the destruction of the fence was an injury to her primarily and individually, for which she is entitled to recover.

Furthermore, the law is well settled that where one is in the actual possession of real estate, he may sue a wrong-doer for an injury thereto, and his right can not be defeated by proof that the title is in another. *Bristol, etc., Co.* v. *Boyer*, 67 Ind. 236; *Winship* v. *Clendenning*, 24 Ind. 439; *Barber* v.

The Ohio and Mississippi Railway Company *v.* Trapp.

*Barber*, 21 Ind. 468; *Cutts* v. *Spring*, 15 Mass. 135; *Cook* v. *Howard*, 13 Johns. 276; *Townsend* v. *Kerns*, 2 Watts, 180; *Graham* v. *Peat*, 1 East, 244.

Ordinarily the possession of one tenant in common is the possession of all, but the relations of the coparceners were changed by contract in this case, as has been noticed, and appellee's possession was individual and exclusive. The instruction was correct.

It is argued by counsel for appellant that the verdict is not supported by the evidence, but we have given the record a very careful examination, and are satisfied that the verdict is fairly supported and the award justified in amount.

Nor have we been able to discover any error in giving or refusing instructions.

A motion was made on behalf of appellant to tax the fees and mileage of certain witnesses to appellee. It was disclosed that these witnesses were subpœnaed on behalf of appellee, but were not used. There was evidence tending to prove that appellant, by its conduct, induced appellee to believe that the witnesses would be necessary for purposes of rebuttal, and by the policy pursued at the trial their testimony was not required. The management of the trial and the administration of the rights of the parties growing out of questions arising thereon must be left largely to the discretion of the trial court. Such discretion is subject to review only when abused, and there are no sufficient grounds for interference in this case. Prudent litigants prepare to meet all exigencies likely to arise, and if a party is induced to summon witnesses and incur expenses by the conduct of his adversary, he will not lose his right to recover the costs of such witnesses by the subsequent conduct of his adversary in rendering their services unnecessary. *Alexander* v. *Harrison*, 2 Ind. App. 47.

We fail to discover any error in the record.

The judgment is affirmed.

Filed March 16, 1892.