The Louisville, New Albany and Chicago Railway Co. *v.* McCorkle.

Filed June 11, 1895.

———◆———

No. 1,472.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* McCORKLE.

RAILROAD.—*Communicating Fire to Adjoining Premises.—How Proven. —Defective Appliances.*—In actions against railroad companies for negligently permitting fire to escape from their engines on to adjoining premises, the fact as to how the fire originated must often be inferred from circumstances.

SAME.—*Negligence Inferred from Circumstances.—Defective Spark Arresters.—Fire.*—While a single fire, occasioned by the emission of sparks from an engine, may not be sufficient to establish the fact that the spark arrester was worn and defective, yet where a locomotive day after day emits fire, igniting adjacent premises for distances of 50 to 150 feet from the track, the jury may infer negligence upon the part of the company with respect to such appliances.

SAME.—*Communicating Fire.—Special Finding.—Prima Facie Case.— Notice of Defect.*—Where it is specially found that the spark arrester was worn and defective and contained holes through which sparks and coals of fire were emitted and permitted to escape to adjoining premises, where they ignited the grass, and the fire then spread, etc., a *prima facie* case of negligence is made against the company, and it is not necessary that the finding should show affirmatively in express terms that defendant had actual knowledge of such defects, or that such defects had existed for such a length of time as to charge defendant with constructive notice.

From the Newton Circuit Court.

*E. C. Field, W. S. Kinnan, W. Cummings* and *W. Darroch*, for appellant.

*F. A. Comparet, W. V. Stuart, C. B. Stuart* and *E. P. Hammond*, for appellee.

Davis, J.—This was an action by appellee, in an amended complaint of two paragraphs, against appellant to recover damages for negligently permitting fire to escape from a locomotive to land adjacent to its right of way, and thence spread to appellee's lands.

The special verdict is based upon the first paragraph of the amended complaint. As no objection is made to the amended complaint in this court, it is unnecessary to notice specifically its averments. It is charged, among other things, that the appellant "carelessly and negligently failed to have its said locomotive provided with safe and sufficient spark arresters and other appliances essential to prevent the dangerous escape of sparks and coals of fire therefrom, by reason whereof," etc., the damage complained of was done.

It is found, in the special verdict, upon this point: "That the spark arrester and other appliances on said locomotive, intended to prevent the escape of fire therefrom, were worn, defective and contained holes, whereby and by reason whereof said sparks and coals of fire emitted as aforesaid were permitted to escape and did escape as aforesaid from said locomotive and fell in the grass," etc.

In the fourth assignment of errors, complaint is made of the action of the lower court in overruling the motion for a new trial. The third reason assigned for a new trial is that the special verdict is not sustained by sufficient evidence.

Counsel for appellant insist:

1.   That it fails to show that its engine sent out the fire.

2.   That there is no evidence to support the finding of the jury as to the defective condition of the spark arrester.

3.   That the finding of the jury that the fire of the sec-

ond day was a continuation of the fire of the previous day is not supported by the evidence.

The evidence discloses that on the occasion in question immediately after the train passed, the fire was discovered, and that the same engine, No. 54, on that day and on other days about the same time, caused other fires on and adjacent to appellant's right of way. The evidence was certainly sufficient to warrant the jury in the inference and finding that appellant's locomotive did the mischief. It is true there was not an eye witness to the act of the locomotive emitting the fire which caused the injury complained of, but the circumstances disclosed by the evidence pointed so strongly to engine 54 as being the cause of the fire that this court would not be justified in setting aside the verdict on this ground. As applicable to the point under consideration, we quote from the opinion of Judge CRUMPACKER in *Ohio, etc., R. W. Co.* v. *Trapp*, 4 Ind. App. 69 (73): "The origin of fires is often proved by circumstances. It is not necessary to prove it by direct or positive evidence. No witness may have testified that the fire was started by an engine operated by appellant, and yet the evidence may have fully justified the inference that it was so started."

While a single fire occasioned by the emission of sparks from an engine may not be sufficient to establish the fact that the spark arrester was worn and defective, yet where a locomotive, as the evidence tends to prove in the present case, day after day emits fire igniting adjacent premises for distances from 50 to 150 feet from the track, the jury may infer negligence upon the part of the company with respect to such appliances.

The evidence that different fires started on and adjacent to the right of way just after this engine passed, with the circumstances in connection therewith, together with evidence on the part of appellant to show that the

spark arrester was in good condition went to the jury, and we can not say there was not sufficient evidence upon which the jury might find that appellant was guilty of negligence, as charged in the complaint. *Louisville, etc., R. W. Co.* v. *Krinning*, 87 Ind. 351; *Louisville, etc., R. W. Co.* v. *Stevens*, 87 Ind. 198; *Cincinnati, etc., R. W. Co.* v. *Smock*, 133 Ind. 411; *Chicago, etc., R. R. Co.* v. *Ostrander*, 116 Ind. 259; *Evansville, etc., R. R. Co.* v. *Keith*, 8 Ind. App. 57.

There is evidence in the record tending to support the finding of the jury as to the continuation and spread of the fire.

It is next insisted that appellee was not the owner of the hay destroyed. The testimony of the witness Record standing alone might warrant the inference that he had an interest in the hay, but the appellee's explanation of the relations between him and Record show that he was the owner of the hay and also of the pasture destroyed by the fire.

It is next insisted that the court erred in overruling appellant's motion for judgment in its favor on the special verdict of the jury.

The contention of counsel for appellant is that before appellant can be charged with negligence arising from the use of a worn and defective spark arrester it must be shown that appellant had actual knowledge of such defects, or that such defects had existed for such a length of time as to charge appellant with constructive notice.

The finding as to the worn and defective condition of the spark arrester covers the material averments of the complaint on that point. In other words, if a cause of action is stated in the complaint it is sustained by the finding. The finding, in substance, is that the spark arrester was worn and defective and contained holes through which sparks and coals of fire were emitted and

permitted to escape and were carried thence in the air and fell in the grass on the premises adjacent to the right of way and at once ignited into a flame of fire in said grass, and said fire then spread, etc.

Where fire is shown to have originated from a worn and defective spark arrester, under the circumstances disclosed in the special finding, in this case, a *prima facie* case of negligence is made against the company. *Lake Erie, etc., R. R. Co.* v. *Lowder*, 7 Ind. App. 537 (545); *Pittsburgh, etc., R. R. Co.* v. *Nelson*, 51 Ind. 150; *Pittsburgh, etc., R. W. Co.* v. *Hixon*, 110 Ind. 225.

If it appeared that the defects were latent then, perhaps, it might be necessary to show that the same could have been discovered by appellant by the exercise of ordinary care prior to the accident.

It was not necessary that the finding should show affirmatively in express terms, under the circumstances of this case, that the defects in the spark arrester were open and obvious, or that appellant had notice of such defects prior to the accident.

When appellee made a *prima facie* case appellant might have overcome it by showing that the defect was so recent that appellant had no notice thereof, nor time to repair it. In our opinion the finding as to the worn and defective condition of the spark arrester, whereby the sparks and coals of fire were emitted from the locomotive, thereby causing the fire on appellee's premises, was sufficient without an express finding that such defects arising out of the worn condition were open and obvious to appellant prior to the accident a sufficient length of time to have enabled it in the exercise of ordinary care to have made the necessary repairs.

We find no reversible error in the record.

Judgment affirmed.

Filed March 20, 1895; petition for rehearing overruled June 11, 1895.