304    APPELLATE COURT OF INDIANA,

Tien *v.* The Louisville, New Albany and Chicago Railway Company.

Filed May 12, 1896.

---

No. 1,807.

## TIEN *v.* THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY.

RAILROADS.—*Fires By.— Negligence.— Damages.*—Where a railroad company's servants started a fire in a dry time, to burn the weeds and grass along its right-of-way, and the fire spread to adjoining land, burning the soil and peat thereon, the company's servants having knowledge of such facts and making no effort to prevent the spreading of the fire, the railway company was guilty of negligence.

SAME.—*Fires By.—Contributory Negligence.*—If a fire be negligently started and negligently permitted to escape to the premises of another, the owner of such premises, if he have knowledge thereof, must exercise due care to prevent the injury or he will be deemed guilty of contributory negligence, A land-owner is not required to live on his premises and keep a vigilant outlook for negligence on the part of others. He may rely upon the presumption that others will conform to the legal duties resting upon them.

Tien v. The Louisville, New Albany and Chicago Railway Company.

SAME.—*Fire By.*—*Special Verdict.*—A special verdict showing that lands burned were those of the plaintiff, and describing them as they are described in plaintiff's complaint, is sufficient to show that they are the same lands the complaint described.

From the Lake Circuit Court.

*F. S. Fancher*, for appellant.

*E. C. Field*, *W. S. Kinnan* and *J. B. Peterson*, for appellee.

LOTZ, J.—The appellant's lands were burned by fire. He sued the appellee to recover damages for the injury sustained, alleging that the appellee negligently permitted combustible matter to accumulate upon its right-of-way, and negligently set fire to the same, and negligently permitted the fire to escape to adjoining land, and from thence to the plaintiff's lands.

A special verdict was returned, and appellee made a motion thereon for judgment in its favor. This motion was sustained, to which ruling the appellant excepted. The ruling on this motion presents the only question for our consideration.

It appears, from the special verdict, that the appellee's railroad runs north and south through Lake county, and over a body of marsh, or swamp land. The appellant owned 160 acres, situate about one mile east of the appellee's track and right-of-way. The appellee's land, and the lands adjoining, and the lands over which the road passed, were all of the same character, being level and the soil composed of peat and decaying vegetation. The soil over said lands was from one to four feet in depth, and was underlaid by sand and blue clay. During the summer of 1893, the railway company permitted large quantities of grass, weeds, and other combustible

matter to grow and accumulate upon its right-of-way, at a point nearest the appellant's land, and permitted the same to become ripe thereon. On or about the 15th day of August, 1893, the railway company, by its employes, caused the grass and weeds that grew upon its right-of-way to be cut down, and permitted the same to remain on the right-of-way, where cut down, for four or five days thereafter, until the same had become very dry and easily ignited. There had been no rain in that vicinity, prior to such cutting, for the period of about six weeks or two months, nor was there any water upon the lands in that vicinity, and the soil, turf, and peat on the defendant's right-of-way and the adjoining lands had become very dry. About five days after such cutting, the railway company, by its employes and servants, purposely set fire to such grass along and on its right-of-way, and on the east side of its track, for the distance of about two miles. The fire burned the grass and sod and soil, on the right-of-way, and the railway company permitted the fire to escape from the right-of-way to the adjoining lands, burning the grass and stubble, soil and peat thereon, and the fire was permitted to escape from such intervening lands, to and upon the plaintiff's lands, and burned over 80 acres thereof, burning the soil off it down to the depth of two feet, and burned large holes in other portions. The defendant was informed of the escape of such fire from its right-of-way, and that it was spreading over adjoining lands; and before it had spread very far, and before it had reached the plaintiff's land, it was requested to extinguish such fire, but it failed to do so, or make any effort for that purpose, or assist the people in that vicinity in preventing the spread thereof. The fire burned for a long time, and burned over several hundred acres of adjoining lands. The fire first spread

in a westerly direction, but the winds afterward shifted and blew in an easterly direction, and caused the fire to spread in the direction of plaintiff's lands, and until the same was reached and burned over. At the time of the escape of the fire from the right-of-way, and over the adjoining lands, and over the plaintiff's land, the plaintiff resided in the State of Michigan, and was not present at the time of the fire, but his lands were occupied by a tenant.

The jury also found that the fire originated and did the damage to the plaintiff's land, without any fault or negligence on his part, but wholly by the fault and negligence of the defendant.

The damages were assessed in the sum of $740.00.

If one person commit an assault and battery upon another, or commit a trespass upon another's property, or do an act upon his own premises, which is a nuisance *per se*, he is liable for the injury done. In such cases he is guilty of a positive aggressive wrong, and the basis of the liability is not negligence, but the aggressive act or tort. In such cases it is not necessary for the injured party to aver and prove the negligence of the defendant, or his own freedom from contributory negligence. It is possible that, under the findings, the appellee is liable for the positive wrong in setting out a fire, under the circumstances stated in the verdict. *Louisville, etc., R. W. Co.* v. *Nitsche*, 126 Ind. 229. But upon this point we decide nothing, for the complaint here proceeds upon the theory that the defendant was guilty of negligence, and negligence is a passive tort.

The appellee, in support of the ruling of the trial court, insists that the verdict is defective, for the reason that it does not appear that the lands burned were the same lands described in the complaint. It does appear that the lands burned were the plain-

tiff's lands, and they are described in the special ver-dict, the same as in the complaint.   This is sufficient.

It is also insisted that the verdict fails to find facts sufficient to establish negligence on the part of the company; that there is no presumption that swamp lands will burn; and that there are no facts found from which it can be inferred that the company had knowledge that such lands would burn, or that it was required to use any precaution to prevent the fire from spreading.

There is a finding that the fire was started by the company's servants, in a very dry time; that there was no water in the vicinity; that the fire actually did spread and burn the soil; that the company and its servants had knowledge of these facts; and that it made no effort to prevent the spreading of the fire.

There can be no doubt, under the facts found, and under the authorities, but that the railway company was guilty of negligence, under such circumstances. *Cleveland, etc., R. W. Co.* v. *Hadley,* 12 Ind. App. 516; *Louisville, etc., R. W. Co.* v. *Hart,* 119 Ind. 273.

In an action to recover for the negligent conduct of another, under the practice in this State, there can be no recovery unless the plaintiff affirmatively prove that he was free from contributory fault.   Negligence is sometimes a question for the jury, and sometimes a question for the court; but, in all ordinary cases, there must be facts found which will support the inference of negligence, and want of contributory negligence. In a special verdict or finding, the jury or court cannot conclude generally that there was, or was not, negli-gence, but the facts from which such conclusion may be drawn must be found.   The appellee insists that there are no facts found in the special verdict, from which the inference, that the appellant was free from contributory fault, can be drawn; and that the jury

had no right to draw such inference, even though the facts warranted it.

It is made to appear, in the verdict, that at the time the fire was set out, and at the time it spread to and injured the appellant's lands, he was not present; that he was a resident of the State of Michigan. In this respect, the case at bar differs from that of *Cleveland, etc., R. W. Co.* v. *Hadley, supra,* relied upon by appellee. In that case, it did not affirmatively appear that the land-owner was not present, and that he made no effort to prevent the spread of the fire.

If a fire be negligently started, and negligently permitted to escape upon the premises of another, the owner of such premises, if he have knowledge thereof, must exercise due care to prevent the injury, or he will be deemed guilty of contributory negligence. But the land-owner is not required to live upon his premises, and keep a vigilant outlook for possible negligence upon the part of others, nor is he required to hire guards for such purposes. He is not bound to anticipate that another will be derelict in his duty toward him. He may rely upon the presumption that such person will conform to the legal duties resting upon him. *Chicago, etc., R. R. Co.* v. *Kern,* 9 Ind. App. 505; *Chicago, etc., R. R. Co.* v. *Smith,* 6 Ind. App. 262; *Pittsburgh, etc., R. W. Co.* v. *Jones,* 86 Ind. 496.

Whether the questions of negligence, on the part of the defendant, and the want of contributory negligence, on the part of the plaintiff, were questions for the court or the jury, is immaterial in this case, although we are inclined to the opinion that they were properly in the province of the jury. But, in either event, the facts found are sufficient to support the inference of negligence and want of contributory negligence. If they were questions for the jury, it has correctly drawn the inference; and, if they were questions

for the court, we have no hesitancy in saying that, under the facts found, the appellee was guilty of negligence, and the appellant free from contributory fault. *Wahl* v. *Shoulders*, 14 Ind. App. 665; *Bedford, etc., R. R. Co.* v. *Rainbolt*, 99 Ind. 551; *Anderson* v. *Scholey*, 114 Ind. 553.

The rule is settled, that if it appears, from the facts stated, that the injury resulted from the negligence of the defendant, and without the contributory negligence of the plaintiff, a direct averment or finding to that effect is unnecessary. *Pittsburgh, etc., R. W. Co.* v. *Welch*, 12 Ind. App. 433; *Duffy* v. *Howard*, 77 Ind. 182.

It was error to sustain the appellee's motion for judgment on the verdict.

Judgment reversed, with instructions to grant the appellee a new trial, if asked for within sixty days after the cause is certified back to the Lake Circuit Court. If not asked for, then the Lake Circuit Court is ordered to sustain the appellant's motion for judgment on the verdict.

