Pittsburgh, etc., R. Co. *v.* Indiana Horseshoe Co.

THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS
RAILWAY COMPANY *v.* THE INDIANA
HORSESHOE COMPANY.

[No. 18,295. Filed March 13, 1900.]

APPEAL AND ERROR.—*Motions.—Record.*—No question is presented on appeal as to the ruling of the court upon a motion to make a complaint more specific, where the motion and ruling of the court are not made a part of the record by bill of exceptions or by order of the court. *p. 324.*

RAILROADS.—*Construction of Side-Track.—Care of.—Contract.*—A contract between a railroad and manufacturing company for the construction of a side-track to the factory, wherein the manufacturing company agreed " to exercise the greatest care in the management of the siding herein provided for; to prevent cars or other obstructions from getting out upon, or too close to, the main or other tracks; to secure the safe closing and locking of the main switch or switches, and to keep the inner safety switch in proper position ; also to use such means and care generally as will tend to avoid accidents of any kind," did not require the manufacturing company to keep the tracks belonging to the railroad company clear of rubbish and combustible material. *pp. 324-326.*

SPECIAL VERDICT.—*Railroads.—Fires.—Damages.*—A finding in an action for damages for the destruction of property by fire communicated from defendant's railroad, that defendant permitted dry weeds and grass and other combustible material to be and remain upon its right of way from which fire, dropped from defendant's engines, spread to plaintiff's property, is sufficient, without a finding as to the amount and extent of the combustible material permitted to accumulate, or that permitting the weeds and grass to remain upon the track for two weeks was unnecessary, or increased the hazards to plaintiff's property. *pp. 326-330.*

RAILROADS.—*Fires.—Negligence.*—Where a railroad company negligently permitted dry grass and weeds and other combustible material to accumulate upon its right of way, it is liable for damages to property caused by fire spreading therefrom, although it had no knowledge of the existence of the fire. *p. 330.*

CONTRIBUTORY NEGLIGENCE.— *Railroads.— Fires.— Damages.*— The owner of a building situated near a railroad is not, by his failure to watch and guard the building, guilty of such contributory negligence as to prevent a recovery for the destruction thereof by fire escaping from the railroad, although he was aware that combustible material had been permitted to accumulate upon the right of way. *p. 331.*

RAILROADS —*Fires.—Evidence.—Negligence.*—In an action for damages for the destruction of property by fire escaping from defendant's railroad, plaintiff is not required to prove by direct evidence that the fire started on its right of way, and that defendant was negligent in permitting the fire to escape therefrom.  *p. 333.*

EVIDENCE.—*Railroads.—Fires.—Negligence.*—In an action for damages to property caused by fire escaping from defendant's railroad, based upon the negligence of defendant in permitting combustible and inflammable material to accumulate upon its right of way, evidence that fires were set by defendant's engines near the time of the fire in question, and near the same place, the place where the fire was set being on an up-grade, was properly admitted for the purpose of showing the negligence of defendant in permitting the combustible material to accumulate at such place.  *pp. 335, 336.*

SAME.— *Harmless Error.— Fires.—Value of Property.*— Available error cannot be predicated upon the action of the court, in the trial of an action for damages for the burning of a factory, in permitting a witness to testify to the value of the property as a manufacturing plant, when the suit was brought for separate items of loss, where the facts found showed that damage was assessed at the market value of the property destroyed.  *p. 337.*

APPEAL AND ERROR.—*Motions.—Record.*—A motion to require the jury to make their answers to interrogatories more specific, and the ruling of the court thereon, can only be made a part of the record on appeal by bill of exceptions or by order of court.  *p. 337.*

From the Wabash Circuit Court.  *Affirmed.*

*Samuel Parker, N. O. Ross* and *G. E. Ross,* for appellant.
*W. G. Sayre, J. S. Slick, N. G. Hunter* and *H. J. Paulus,* for appellee.

MONKS, J.—This action was brought by appellee against appellant to recover the value of a building, machinery, tools, and materials alleged to have been destroyed by fire through the negligence of appellant. Issue, trial, special verdict under the act of 1895, and judgment for appellee. The errors assigned, and not waived, are: (1) The court erred in overruling appellant's motion to require appellee to make each paragraph of the complaint more specific, definite, and certain; (2) the court erred in overruling appellant's demurrer to the first paragraph of the complaint; (3) the court erred in overruling appellant's demurrer to the third paragraph

of the complaint; (4) the court erred in overruling appellant's motion for a judgment in its favor on the special verdict; (5) the court erred in overruling appellant's motion for a new trial.

As the motion to make each paragraph of the complaint more specific, definite, and certain, and the ruling of the court thereon are not made a part of the record by a bill of exceptions, or order of court, no question is presented by the record for our consideration. *City of Seymour* v. *Cummins*, 119 Ind. 148, 150, 5 L. R. A. 126; *Boyce* v. *Graham*, 91 Ind. 420, 421; *Indiana, etc., Co.* v. *Millican*, 87 Ind. 87, 89; *Manhattan Ins. Co.* v. *Doll*, 80 Ind. 113, 115; Ewbank's Manual, §26.

All the paragraphs of complaint were withdrawn except the first and third. The allegations in said first and third paragraphs concerning appellant's negligence are substantially the same as the complaint in *Louisville, etc., R. Co.* v. *Hart*, 119 Ind. 273, 4 L. R. A. 549, which was held good. Under the law, as declared in that case, and the cases therein cited, each of said paragraphs was sufficient to withstand the demurrer for want of facts. The court did not err, therefore, in overruling the demurrer thereto.

There was no error in sustaining appellee's demurrer to the second paragraph of answer. The facts alleged in the first and third paragraphs of complaint show that the road-bed, tracks, and siding were under the exclusive control, use, management, and possession of appellant as a part of its right of way, and that appellant on the 22nd day of August, 1895, and for a long time before that day, negligently suffered and caused the same to be covered over with dry weeds, grass, straw, paper, wood, and other rubbish adjacent to and adjoining the land on which appellee's factory and buildings were located. The theory of said second paragraph of answer to said paragraphs was that appellee was not entitled to recover because in the written contract entered into between appellant and appellee, by which appellant was to,

and did, build a siding or switch from its main track to appellee's factory, appellee agreed to look after and keep it clean, and that it was negligent in permitting paper, weeds, and other combustible matter to accumulate thereon, and that the fire dropped from appellant's engine started there and spread therefrom to the factory. The part of said written contract which bears upon the question involved reads as follows: "The second party [appellee] agrees to exercise the greatest care in the management of the siding herein provided for; to prevent cars or other obstructions from getting out upon, or too close to, the main or other tracks; to secure the safe closing and locking of the main switch or switches, and to keep the inner safety switch (where such switch is provided) in proper position; also to use such means and care generally as will tend to avoid accidents of any kind." It was expressly provided in said contract that appellant should have the right to use without cost the whole or any part of said switch in connection with other business than that of appellee, provided such use did not interfere with the business of appellee. The whole of said siding, including the part upon appellee's lot, was built by, and to be kept in repair by, appellant, and was the property of appellant, with the right to enter and remove the same upon notice. It is evident that the part of said contract included in quotation marks did not require appellee to keep appellant's right of way and tracks adjacent to appellee's lot upon which said factory was constructed free from and clear of combustible material such as described in the complaint. Said provision was made with reference to appellee's duties when using said siding for the convenience of its factory in receiving and shipping goods, and such duties were confined to the cars and other obstructions upon the switch for the transaction of that business, and the exercise of due care to avoid accidents of any kind arising from said use of the switch by appellee, and it was not its duty to give any attention or care to the right of way, track, or switch of

appellant. Counsel for appellant call attention to a clause in said contract in regard to appellee's duty in erecting buildings, and claim that appellee violated the same, but as no breach thereof is alleged in said second paragraph of answer, we are not required to consider said clause.

It is next insisted that the facts found in the special verdict do not show that the injury and loss sued for occurred on account of the negligence of appellant, and without the fault of appellee. The facts found bearing upon this question are substantially as follows: That on and prior to August 22, 1895, appellee owned a factory building on lot eighteen, in Tibbett's addition to the city of Marion, Indiana, which was constructed of wood; said lot, being 140 feet long, north and south, and seventy-two feet wide, east and west, abutted upon the north side of appellant's right of way; that on and prior to said day the appellant used and occupied a strip of ground about seven and one-half feet wide off of the south end of appellee's said lot for its spur and part of its right of way; that from the center of appellant's main track to the north side of its said spur was about forty-seven and one-half feet; that on and prior to said day the appellant had charge and control of the right of way upon and along which its railroad ran through the city of Marion, and also had charge and control of the numerous switches and side-tracks upon and along its said right of way through said city, and that said switches and side-tracks extended east and west along the north and south sides of its main track, and from a point west of appellee's said lot to a point east thereof several hundred yards; that about three years prior to said day the appellant constructed said spur track upon and across said strip of ground off of the south end of said lot, and that during all of said time the same was used and maintained by appellant as a part of its right of way, as a place for storing its cars when not in use, and that all said switches and side-tracks, including said spur, during all said time, were in common use by appellant for handling and storing its trains

and cars, and that said strip of ground was in the exclusive occupancy and control of appellant; that appellee's said building was sixty-nine feet wide from east to west, and the south end of said building was about five feet north of the north rail of said spur; and appellee maintained a wooden porch against and across the south end of said building, which was about three feet wide; that on and prior to said day appellant, at the point where appellee's factory was located, and extending east and west thereof, maintained and used its main track, two side-tracks south of said main track, one side-track north of its said main track, and the spur track north of said north side-track, and leading to and along said porch of appellee's factory; that on said day the appellant's right of way, opposite appellee's factory, from its north line to a point about three feet north of the north rail of its north side-track, and for a distance of several feet east and west of appellee's lot, was covered with dry, combustible, and inflammable material, to wit, grass, weeds, straw, paper, shavings, and wood, railroad ties, and other timber; that said weeds and grass were cut about two weeks before the 22nd day of August 1895 by appellant's servants and employes, and were left lying upon and along said right of way at the place named; that a large portion of said paper and straw was so upon said right of way by having been thrown or dropped from appellant's cars; that said combustible and inflammable matter had accumulated upon said right of way at least two weeks before said 22nd day of August, 1895, and the employes of appellant, upon whom rested the duty by their employment, to remove from said right of way all such combustible matter and material, during said summer of 1895, passed over said right of way at said point almost daily; that during the months of June, July, and August, 1895, the weather was very dry, and during said time said combustible matter became and was very dry and highly inflammable, and was at all times during its existence there exposed to and in danger of ignition

from appellant's engines; and was of such a character that a fire started therein would follow the same, and burn across the said switches to appellee's factory building; that the tracks and spur hereinbefore described constituted appellant's railroad yard at Marion, and appellee's factory was located on the north side and about the center of said yard; and appellant on and before said day kept a suitable engine at said city of Marion, and then had the same in daily use upon said tracks in said yard for shifting and handling its trains and cars; that on and prior to said day appellant was operating trains of cars over its said tracks, and through said yards, averaging about one train each hour, in each direction, during the day, and, in approaching and passing appellee's factory, the engines drawing said trains used a great amount of steam; that on said 22nd day of August, 1895, one of appellant's cars was standing on said spur track, at a point thereon and adjacent to and just south of appellee's said building; that the doors of said car were open on both sides, and that in said car there was a considerable quantity of dry combustible paper; that on said day, between the hours of 9 and 10 o'clock a. m., said dry and combustible material on appellant's right of way at said point was ignited, and set to burning, at a point southwest of said buildings, by fire emitted from appellant's locomotive engines, then and there operated by appellant along and upon its said main track; that on said day, at and during the fire, the wind was blowing from the southwest to the northeast; that said fire traveled continuously through said combustible material to the north side of said right of way, and ignited into flames said car so standing upon said spur, and was communicated to and into appellee's said porch and building; that said fire from where the same was so set on said right of way was a continuous fire until it reached over the intervening space to and into appellee's said building, and that from the point on said right of way where it began it continued to spread and burn through said combustible material on said right of way

until it reached appellee's building, and said building was then and there rapidly destroyed and consumed by said fire; that nothing was done by the appellant to prevent it from being communicated to appellee's building; that the spreading of said fire to and into said building was the natural sequence of setting the same at said time and place; that at said point on said right of way where said fire began the appellant carelessly suffered and permitted such an accumulation of rubbish on its right of way that the escape of fire started therein from said right of way was the ordinary and natural sequence; that all of appellee's officers and representatives were away from said factory when the fire was communicated to it, and had no knowledge or information of the fire until it was too late for them to save any of the property; that some of appellee's officers knew, on said day, and prior thereto, of the existence of said combustible material along said spur and on the right of way; that said fire was started between 9 and 10 o'clock a. m., but the train the engine that set the fire was drawing was unknown.

Appellant insists that the special verdict is not sufficient because there is no finding as to the amount and extent of the grass, weeds, straw, and other combustible material permitted to accumulate and remain on the right of way, nor that permitting said combustible material to remain there for two weeks was unnecessary, or increased the hazards to appellee's property.

This contention of appellant is fully answered by what was said in *Cleveland, etc., R. Co.* v. *Hadley*, 12 Ind. App. 516, 522, 523. "Counsel insist that the finding that dry grass and other combustible matter were negligently suffered to accumulate on the right of way is the finding of a conclusion and not of a fact, unless it were also shown what was the quantity of such combustible material that was suffered to accumulate. Granting that counsel are correct in this position also, we think the quantity is sufficiently stated. If there was sufficient of such combustible matter to cover

the ground on the right of way from within eight feet of
the north side of the track continuously up to and adjoining
the appellee's premises, and if for the length of time stated
and in its highly inflammable condition the material was
suffered to remain there without any attempt to remove the
same, the appellant was guilty of actionable negligence if
injury resulted. * * * If the appellant suffered enough of
the inflammable material to accumulate to cover the ground
for the time, and over that portion of the track and right of
way described in the verdict, the presence of the objection-
able material in sufficient quantities to cause the fire to
spread to appellee's premises is sufficiently established."

It is next insisted by appellant that the facts found do not
show that appellant knew of the existence of the fire, and
that without such knowledge it could not be guilty of negli-
gence in permitting the fire to escape; that the duty of appel-
lant to use reasonable precaution to prevent the escape of fire
does not arise until it has knowledge of the existence thereof.
The special verdict shows that appellant had knowledge of
the accumulation of the combustible material upon its right
of way, adjacent to appellee's factory, and that the weather
was very dry for the period of more than two months before
said fire, and said combustible matter was highly inflamma-
ble, and that the natural sequence of igniting said combus-
tible material was its spread by the burning of said material
to appellee's factory, and the destruction thereof by the
fire so communicated; and appellant did nothing to prevent
the escape of said fire from its right of way or the spread
of said fire to said factory. Appellant was required, under
such circumstances, conditions, and surroundings of its right
of way adjacent to appellee's factory,—environments created
by itself,—to prevent the escape of fire from the limits of its
right of way. *Indiana, etc., R. Co.* v. *Overman,* 110 Ind.
538, 541, 542; *Ohio, etc., R. Co.* v. *Trapp,* 4 Ind. App. 69;
*Cleveland, etc., R. Co.* v. *Hadley,* 12 Ind. App. 516. As was
said in *Cleveland, etc., R. Co.* v. *Hadley, supra,* at p. 523:

"It was not necessary, to constitute negligence in suffering the fire to spread, that the appellant should have been present at or had notice of the fire, and failed to do anything to put it out. It was bound to know that it was highly probable that fire would occur on its right of way from the escaping sparks of its engines, and it was its duty to use proper care to keep it from spreading beyond the right of way to the adjacent land."

It has been held in many cases in this State that if a railroad company negligently permits grass or other combustible material to accumulate on its right of way, and the same is ignited by fire emitted from its locomotives, and such fire by means of said combustible material escapes to the land of the adjoining proprietor, and burns and consumes his property, without any negligence on his part contributing to the injury, the railroad company is liable for the loss sustained. *Louisville, etc., R. Co.* v. *Hart,* 119 Ind. 273, 281; *Indiana, etc., R. Co.* v. *Overman,* 110 Ind. 538, 541, 542; *Chicago, etc., R. Co.* v. *Williams,* 131 Ind. 30, 33; *Pittsburgh, etc., R. Co.* v. *Jones,* 86 Ind. 496, 499, 500, 44 Am. Rep. 334; *Chicago, etc., R. Co.* v. *Bailey,* 19 Ind. App. 163, 166-168; *New York, etc., R. Co.* v. *Grossman,* 17 Ind. App. 652, 655; *Cleveland, etc., R. Co.* v. *Hadley,* 12 Ind. App. 516, 523-525, and cases cited; *Terre Haute, etc., R. Co.* v. *Walsh,* 11 Ind. App. 13, 16; *Chicago, etc., R. Co.* v. *Luddington,* 10 Ind. App. 636; *Lake Erie, etc., R. Co.* v. *Clark,* 7 Ind. App. 155; *Ohio, etc., R. Co.* v. *Trapp,* 4 Ind. App. 69, 71, 72; 13 Am. & Eng. Ency. of Law (2nd ed.), 466-469; 3 Elliott on Railroads, §§1226, 1229.

Appellant insists that, "as no definite place where the fire started is found, the court cannot say that it must have been upon appellant's right of way, and not upon the ground occupied by the spur switch." The facts found clearly show that the fire emitted from appellant's engines ignited the combustible material at a point on its right of way southwest of appellee's factory, and that the fire spread, through the medium of said combustible material, to appellee's factory.

Appellant contends that the jury having found that appellee's factory was built of wood, and close to appellant's right of way, that it was not in operation, and not watched or guarded, but closed, and that some of the officers of appellee had knowledge on and before the day of the fire of the existence of the combustible material on said right of way, these facts show that appellee was guilty of contributory negligence. The rule is that a person erecting a building on real estate adjoining a railroad track takes upon himself the risk of fire being communicated thereto without the fault of the railroad company. *Indianapolis, etc., R. Co. v. Paramore,* 31 Ind. 143. He is not required to keep his property in such a condition as to guard against the negligence of the company, nor to stand guard over it continually to protect it against such negligence, but he has the right to construct buildings on any part of his property, and enjoy the same, without any regard to the proximity of a railroad; and such use of his property cannot be declared contributory negligence in an action against the railroad company for negligently setting fire to the buildings. *Chicago, etc., R. Co. v. Burger,* 124 Ind. 275; *Pittsburgh, etc., R. Co. v. Jones,* 86 Ind. 496, 44 Am. Rep. 334; *Tien v. Louisville, etc., R. Co.,* 15 Ind. App. 304; *Chicago, etc., R. Co. v. Kern,* 9 Ind. App. 505; *Chicago, etc., R. Co. v. Smith,* 6 Ind. App. 262; *Jacksonville, etc., R. Co. v. Peninsular, etc., Co.,* 27 Fla. 1, 9 South. 661, 17 L. R. A. 33, 52; *Burke v. Louisville, etc., R. Co.,* 7 Heisk (Tenn.), 451; *Grand Trunk R. Co. v. Richardson,* 91 U. S. 454, 23 L. ed. 356; *Philadelphia, etc., R. Co. v. Hendrickson,* 80 Pa. St. 182; *Jefferis v. Philadelphia, etc., R. Co.,* 3 Houst. (Del.), 447; *Cincinnati, etc., R. Co. v. Barker* (Ky.), 21 S. W. 347; 8 Lewis R. & Corp. Cases, note on p. 168; 13 Am. & Eng. Ency. of Law (2nd. ed.), 482-487; Shearm. & Redf. on Neg. (5th ed.), §680; 3 Elliott on Railroads, §1238. The officers and representatives of appellee had no knowledge of said fire until too late for them to save any of the property, and although some of

them knew of the existence of the combustible material on the right of way, yet, under the authorities above cited, they were not required to guard and continually watch the factory, nor to remove the rubbish from appellant's right of way. They had the right to assume that appellant would perform the legal duties resting upon it. *Tien* v. *Louisville, etc., R. Co.,* 15 Ind. App. 304, and cases last cited. As was said in *Tien* v. *Louisville, etc., R. Co., supra:* "The landowner is not required to live upon his premises, and keep a vigilant outlook for possible negligence upon the part of others, nor is he required to hire guards for such purposes. He is not bound to anticipate that another will be derelict in his duty toward him. He may rely upon the presumption that such person will conform to the legal duties resting upon him. *Chicago, etc., R. Co.* v. *Kern,* 9 Ind. App. 505; *Chicago, etc., R. Co.* v. *Smith,* 6 Ind. App. 262; *Pittsburgh, etc., R. Co.* v. *Jones,* 86 Ind. 496." It follows therefore that the special verdict is not open to the objection urged by appellant.

Appellant insists that the evidence does not show that the fire started on its right of way from sparks or coals emitted from its passing engines, and that appellant was negligent in permitting the fire to escape from its right of way. Appellee was not required to prove such facts by direct evidence. They may be established by either direct or circumstantial evidence, or by both. *Louisville, etc., R. Co.* v. *Stevens,* 87 Ind. 198; *Louisville, etc., R. Co.* v. *Krinning,* 87 Ind. 351; *Louisville, etc., R. Co.* v. *McCorkle,* 12 Ind. App. 691; *Terre Haute, etc., R. Co.* v. *Walsh,* 11 Ind. App. 13, 17, 18; *Ohio, etc., R. Co.* v. *Trapp,* 4 Ind. App. 69, 73; 3 Elliott on Railroads, §1244, on p. 1943. No witness testified that he saw a spark or coal pass from appellant's engine to the combustible rubbish on the right of way, yet the evidence fully justified the inference drawn by the jury that the fire was so started. The evidence, direct and circumstantial, shows that appellant permitted combustible rubbish to accumulate on its

right of way adjacent to appellee's factory, and remain there for a period of more than two weeks, in the month of August, 1895; that the weather was very dry during that summer, and the rubbish became and was very dry and inflammable, and was exposed to ignition, and in danger of being set on fire by sparks and coals from appellant's engines, which passed that point many times each day; that there was an up-grade near said point for about a mile, and appellant's engines in passing appellee's factory put on steam to increase the speed so as to carry them over the grade, and this caused great quantities of sparks and coals to be emitted from the engines while passing said factory; that the rubbish on appellant's right of way had been frequently ignited by fire from appellant's engines at points within a short distance east of appellee's factory prior to and on the day it was burned; that said combustible rubbish on appellant's right of way was ignited by fire from appellant's engines, and the wind on said day and at said time was blowing from the southwest to the northeast, and therefore spread through the rubbish, in the direction the wind was going, to appellee's factory, and destroyed it; that appellant did nothing to prevent the escape of said fire from its right of way, or the spread thereof to said factory.

The evidence in regard to the accumulation of rubbish, the dry weather, the up-grade, the exertions of the engines in drawing the trains up the same, and the consequent throwing of sparks and coals of fire, the frequent ignition of the combustible material on the right of way by fire emitted from said engines before said fire, and other surroundings and conditions of which appellant was bound to take notice, and of which said evidence proved it had actual notice, was sufficient to authorize the jury to find that the natural and probable consequences thereof were that said combustible material on said right of way would be set on fire by sparks and coals from said engines, and that said fire would spread and escape, through the medium thereof, from said right

of way to the adjoining land, and destroy the property thereon, and that appellant, in the exercise of ordinary care, should have foreseen such consequences, and made proper provision to prevent the same. If such was the natural and probable consequences of operating appellant's railroad at said point on account of the surroundidngs and conditions, and in the exercise of ordinary care it should have foreseen tho same, its failure to prevent the escape of fire from its right of way, and the consequent destruction of appellee's property, was negligence. *Indiana, etc., R. Co.* v. *Overman,* 110 Ind. 538, 541, 542; *Ohio, etc., R. Co.* v. *Trapp,* 4 Ind. App. 69; *Cleveland, etc., R. Co.* v. *Hadley,* 12 Ind. App. 516, 523. The evidence was sufficient to authorize the jury to find facts showing that appellant was guilty of negligence in permitting said combustible rubbish to accumulate and remain upon its right of way adjoining appellee's factory, and that it was guilty of negligence in permitting the fire to escape from its right of way to appellee's factory. 3 Elliott on Railroads, §1226, and authorities next before those last cited. What we have said in regard to the facts found in the special verdict being sufficient to support the judgment rendered thereon, and the authorities there cited, fully uphold the conclusion that the evidence was sufficient to sustain the facts found in the special verdict.

Appellee was permitted to introduce testimony in regard to the fires being set by engines of appellant near the time of the fire in question, and on the right of way near the same place. Appellant insists that this evidence was not proper for any purpose, for the reason that the theory of each paragraph of complaint was, not that the fire was the result of the careless and negligent construction or operation of appellant's engines, but its negligence in allowing the accumulation of combustible rubbish upon its right of way, and permitting the fire communicated thereto by its engines to escape to appellee's premises, and destroy its factory. The theory of the third paragraph of complaint is correctly stated by appellant, and it is unnecessary for us to determine

whether or not its theory of the first paragraph is correct, for the reason that the special verdict finds no facts concerning any defects in the construction or negligence in the operation or management of appellant's engines. The facts found by the jury, therefore, show that, even if it was error to admit said testimony, said error was harmless. Said evidence was proper, however, for the jury to consider in connection with all the other evidence in the cause, in determining the degree of care required of appellant in keeping its right of way free from combustible material at that point. Railroad companies are required to exercise due care to keep their right of way free from combustible material, and the degree of care to be exercised depends upon the surroundings. It was not only proper, therefore, for appellee to show that appellant had allowed combustible material to accumulate and remain on its right of way, that there was an up-grade on appellant's road near said factory, and the exertions required of engines in drawing trains of cars up and over the same, and that sparks and coals were emitted from the engines approaching and passing appellee's factory, on account of the engines being taxed to their full capacity to pass up said grade, but also that said sparks and coals ignited the combustible material on said right of way. Such evidence not only showed that combustible matter, if allowed to accumulate on appellant's right of way, at or near said factory, was in much greater danger of being set on fire by sparks and coals from engines, on account of the conditions and surroundings, but that the same was actually set on fire by sparks and coals from said engines. Under such circumstances, the degree of care required of appellant would be much greater than under different conditions and surroundings. While appellant was bound to take notice of these conditions, and that combustible rubbish had been set on fire by sparks and coals from its engines, and use proper care in proportion to the danger to prevent the fire from spreading beyond the right of way to the adjacent land, and knowledge thereof will be presumed, yet it was proper to

prove, as was done by the evidence, that it had actual notice and knowledge thereof. It follows that the evidence was properly admitted.

It is next insisted that the court erred in permitting appellee to prove by a witness, over appellant's objection, that the property destroyed by fire had a special and peculiar value as a manufacturing plant. Said witness was asked by counsel for appellee to "state what, in your judgment, that factory, building, horseshoes, machinery, and material were worth just before the fire,—the manufacturing plant?" This question was objected to by appellant, "for the reason that the property sued for is sued for in separate items, and not as a plant." This objection was overruled, and appellant excepted. The witness answered: "About $12,000." The question was as to the value of said property destroyed as an entirety, and the court committed no error in permitting the witness to answer the same. Moreover the facts found in the special verdict show that the jury only assessed appellee's damage at the market value of the property destroyed.

It is assigned as one of the causes for a new trial that the court erred in overruling appellant's motion, made after the jury returned into court their special verdict, and before they were discharged, to require the jury to return to their room and make more specific their answers to each of the interrogatories 151, 173, and 177. If such motion was made, it is not shown by any entry copied in the transcript. The only statement in regard to a motion to make the answers to the interrogatories named more specific is contained in the motion for a new trial. Said motion to require the jury to make their answers to said interrogatories more specific, and the ruling of the court thereon, were not made a part of the record by assigning said ruling as a cause for a new trial, but could only be made a part of the record by a bill of exceptions or order of court. No question is presented, therefore, by said cause for a new trial. Finding no available error in the record the judgment is affirmed.