The Lake Erie and Western Railroad Company *v.* Clark.

The appellee having died since this cause was submitted, it is ordered that the reversal be of the date of submission.

Filed June 6, 1893.

———————◆———————

No. 760.

The Lake Erie and Western Railroad Company *v.* Clark.

Railroad.—*Damages.—Permitting Fire to Escape from Right of Way.* —*Complaint.—Necessary Allegations.*— Where. a railroad company negligently permits combustible materials to accumulate on its right of way and sets fire thereto, and permits it to escape to the land of another and do damage to such person, the railroad company will be liable in damages, and in counting thereon it is unnecessary that the complaint should allege that the fire was negligently started by the company.

Assignment of Errors.—*Question on Motion.—How Saved for Review.* —The overruling of a motion to make a complaint more specific can not be considered as an assignment of error, unless it is brought into the record by bill of exceptions.

Bill of Exceptions.—*Stenographer's Transcript of Report.—Proper Authentication.*—Where a transcript of the evidence certified to by the short hand reporter is attached to the manuscript, but is not incorporated into a bill of exceptions, and where there is nothing in the record which purports to be a bill of exceptions signed by the judge, there can be no review of questions depending thereon.

From the Fulton Circuit Court.

*M. A. O. Packard, O. M. Packard, F. S. Foote* and *W. E. Hackedorn,* for appellant.

*S. Parker,* for appellee.

Gavin, C. J.—The appellee sued appellant to recover damages resulting from a fire started by appellant in grass and weeds negligently permitted to accumulate upon its right of way, which was by appellant negli-

gently permitted to escape to appellee's land, all occurring without any contributory negligence upon the part of appellee.

It is urged that the complaint is bad for want of averments that the fire was caused by some negligent act or defective machinery of appellant. Such averments are unnecessary.

If appellants set fire to the dry grass and other combustible materials which it had negligently suffered to accumulate on its track and right of way, and without fault on appellee's part negligently permitted such fire to escape to his lands and burn and destroy his property, appellant would be liable to appellee for his damages, whether such fire was started negligently or otherwise. *Pittsburgh, etc., R. W. Co.* v. *Jones,* 86 Ind. 496; *Indiana, etc., R. W. Co.* v. *Overman,* 110 Ind. 538; *Louisville, etc., R. W. Co.* v. *Hart,* 119 Ind. 273.

Complaint is made of the action of the court in overruling a motion to make the complaint more specific.

In order to so present any question upon this ruling as to enable us to consider it, the motion should have been brought into the record by a bill of exceptions. This has not been done, and without this the motion is not properly authenticated as a part of the record. Elliott's App. Proced., section 814.

The overruling of the motion for a new trial is also assigned as error.

The causes urged in favor of a new trial are that the damages assessed are excessive, and that the verdict is not sustained by the evidence.

A transcript of evidence certified by the shorthand reporter is attached to the transcript, but it is not incorporated into any bill of exceptions, nor is there anything in the record which purports to be a bill of exceptions signed by the judge. This is absolutely necessary in or-

der to present for review the questions attempted to be raised. Without its authentication by the judge the stenographer's report of the evidence is entirely without force. Elliott's App. Proced., section 821; *Louisville, etc., R. W. Co.* v. *Kane,* 120 Ind. 140.

Judgment affirmed.

Filed June 20, 1893.