Filed September 24, 1895.

No. 1,402.

## LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* PALMER.

RAILROAD.—*Damage to Land by Fire.—Sufficiency of Complaint.*— While a railroad company is liable to respond in damages when it sets fire to dry grass and other combustibles which it negligently suffers to accumulate on its right of way, and, without fault of the land-owner, negligently permits to escape to his land and burn up or destroy his property, yet it is essential to aver that the company did negligently permit the fire to so escape.

SAME.—*Liability for Acts of Servant.* – In such case the railroad company is bound to answer for the acts of its servant only when he is acting within the general scope of his employment.

SAME.—*Damage to Land by Fire.—Complaint, Necessary Averments.* —The plaintiff having failed to aver in his complaint that the de-

VOL 13—11

fendant permitted or suffered the fire to escape to plaintiff's land, but alleged that the "workingmen and employes of the defendant" permitted it to so escape, the complaint is insufficient.

COSTS.—*Motion to Retax Costs.*—*Insufficiency.*—*Appellate Court Practice.*—A motion to retax costs, stating that the sum of $18 is taxed as costs for stenographer's fee, when none whatever is due; that about $22 is taxed for the transcript more than is lawfully due; that about $12 too much is taxed for clerk's fee, no brief being added in support of the motion, and no statement of the costs accompanying the motion, does not present sufficient cause to require the appellate court to examine into the matters complained of.

From Porter Circuit Court.

*E. C. Field, W. S. Kinnan* and *E. Crumpacker,* for appellant.

*T. J. Wood,* for appellee.

GAVIN, J.—The appellee recovered damages from appellant for burning up his land. Three paragraphs of complaint were each tested by demurrer. The over-ruling of this demurrer is one of the errors assigned. It is not denied that railroad companies are liable to respond in damages when they set fire to dry grass and other combustibles which they negligently suffer to accumulate upon their right-of-way, and without fault of the landowner, negligently permit to escape to his land, and burn up his land or destroy his other property (*Lake Erie, etc., R. R. Co.* v. *Clark,* 7 Ind. App. 155); but it is essential to aver that the company did negligently permit the fire to so escape. *Pittsburgh, etc., R. W. Co.* v. *Hixon,* 79 Ind. 111; *Louisville, etc., R. W. Co.* v. *Parks,* 97 Ind. 307; *Wabash, etc., R. W. Co.* v. *Johnson,* 96 Ind. 44 (62); *Louisville, etc., R. W. Co.* v. *Nitsche,* 126 Ind. 229; *Lake Erie, etc., R. W. Co.* v. *Miller,* 9 Ind. App. 192; *Ohio, etc., R. W. Co.* v. *Trapp,* 4 Ind. App. 69.

It is also the law that in such cases the master is bound to answer for the acts of the servant only when

he is acting within the general scope of his employment. *Louisville, etc., R. W. Co.* v. *Kendall*, 138 Ind. 313, and cases cited.

In each of the paragraphs of this complaint counsel have sedulously avoided averring that the appellant permitted or suffered the fire to escape to appellee's land, but in each instance allege that the "working men and employees of defendant" did so. It does not appear that they were then engaged in the line of their employment or were doing what they were hired to do, or were acting under the direction of the appellant.

In *Helfrich* v. *Williams*, 84 Ind. 553, the plaintiff sought to recover damages from the master because a "certain employe of the defendant" carelessly, etc., rolled a log on him. The court held the complaint bad on demurrer, although filed before a justice of the peace, because it did not show the master chargeable with his servant's wrong, saying: "A master is not liable for any negligence of his servant. It must be an act of negligence committed while engaged in the service, and in some way connected with the doing of the service."

In *Smith* v. *Louisville, etc., R. R. Co.*, 124 Ind. 394, the company was held not chargeable with the wrong done by "one I. A. Turner, a servant, on said train," the question being there also raised by demurrer.

Following these cases, as we must, we cannot, even by the most liberal construction permissible, uphold the fourth paragraph of the complaint.

Other defects in the second and third may be made good by the general averment at the close of the complaint, that the fire was caused wholly by the negligence of the appellant. It has been decided in *Pittsburgh, etc., R. W. Co.* v. *Jones*, 86 Ind. 496, that such an averment is sufficient to characterize as negligent all the appellant

had done or permitted. So, also, *Ohio, etc., R. W. Co.* v. *McCartney,* 121 Ind. 385; *Brinkman* v. *Bender,* 92 Ind. 234.

The fourth paragraph is not aided by any such general averment. We may add, also, that it is entirely free from any statement that the appellee was free from contributory negligence.

The judgment is therefore reversed, with instructions to the trial court to sustain the demurrer to the fourth paragraph of complaint, with leave to amend each of them.

Filed February 23, 1895.

### ON MOTION TO RETAX COSTS.

*Per Curiam.*—Appellant has filed a motion to retax costs "in this, to-wit : That the sum of $18, is taxed as costs for stenographer's fee, when none whatever is due. Second, that about $22 is taxed for the transcript more than is lawfully due. Third, that about $12 too much is taxed for the clerk's fee."

No brief or argument is filed in support of the motion. No statement of the costs taxed accompanies the motion. There is nothing more than we have set out. There is not sufficient cause presented to call upon this court to examine into the matters complained of. The motion is therefore overruled.

Filed September 25, 1895.