THE BALTIMORE AND OHIO RAILROAD COMPANY *v.*
COUNTRYMAN, ASSIGNEE, ETC.

[No. 1,913. Filed May 26, 1896. Rehearing denied October 1, 1896.]

PLEADING.—*Damages Caused by Fire.—Complaint.*—In an action against a railroad company for damages to real estate caused by fire set out on its right of way, and permitted to escape to said land, it is not necessary to aver what engine started the fire. *p. 140.*

BILL OF EXCEPTIONS.—*Motion to Make More Specific.—Record.*—In order to present any question upon the overruling of a motion to make more specific, it must be brought into the record by bill of exceptions or special order; if time is given beyond the term to file same, the fact must appear from the record outside of the bill. *p. 140.*

APPEAL AND ERROR.—*Bill of Exceptions.— Motion for New Trial.*—The time allowed for filing a bill of exceptions upon the overruling of a motion for a new trial covers only matters relating to the trial, and does not include collateral motions, such as to make more specific, made and overruled before issues closed, and which do not constitute causes for new trial. *p. 140.*

PLEADING—*Damages Caused by Fire Escaping from Railroad Right of Way.—Complaint.*—Where in an action against a railroad company for damages caused by fire escaping from the company's right of way, the complaint clearly proceeds upon the theory that the claim first accrued to the plaintiff's assignor and passed to plaintiff, by assignment, the unnecessary statement at the conclusion of the pleading, that thereby the "plaintiff has been damaged," cannot be given such force as to require the complaint to be construed as counting upon an injury to the land while its title was in the assignee. *p. 141.*

Baltimore, etc., Railroad Company *v.* Countryman, Assignee, etc.

ASSIGNMENTS.— *Right of Action for Damages Caused by Fire Escaping from Railroad Right of Way is Assignable.*— The right of action against a railroad company for damages caused by fire escaping from the railroad company's right of way is assignable.  *p. 141.*

DAMAGES.— *Measure of, in Action Caused by Fire Escaping from Railroad Right of Way.*—The measure of damages in an action against a railroad company for negligently permitting fire to escape from its right of way to adjoining land is the difference in values of the land immediately before and after the fire.  *p. 142.*

PRACTICE.—The withdrawal of evidence with direction to disregard it cures any error in its admission.  *p. 143.*

From the DeKalb Circuit Court.  *Affirmed.*

*J. H. Collins, J. E. Rose, F. E. Baker* and *Chas. W. Miller,* for appellant.

*Harris & Cameron, Roby, Shuman & Link,* for appellee.

GAVIN, J.—Appellee, as assignee of one Hart, sued appellant to recover for damages to real estate and personal property caused by fire, set out on its right of way and permitted to escape to said land by its negligence on a certain day.  The motion to make the complaint more specific by averring what engine started the fire was properly overruled, especially in view of the averment of the pleader that he could not so do.  *Ohio, etc., R. W. Co.* v. *Trapp,* 4 Ind. App. 69.

In order to present any question upon the overruling of a motion to make more specific, it must be brought into the record by bill of exceptions or special order. *Lake Erie, etc., R. R. Co.* v *Clark,* 7 Ind. App. 155.

If time is given beyond the term to file the same this fact must appear from the record outside of the bill. *DePauw University* v. *Smith,* 11 Ind. App. 313.

The time allowed upon the overruling of the motion for a new trial covers only matter relating to the trial and does not include collateral motions, such as to make more specific, made and overruled before is-

sues closed and which do not constitute causes for new trial. Burns' R. S. 1894, section 638 (626, R. S. 1881).

The complaint very clearly proceeds upon the theory that the claim first accrued to Hart and then passed by assignment to appellee. The damage to the land while owned by Hart is distinctly alleged. A cause of action thereby arose in his favor. It is also averred that by his general assignment he transferred to the assignee all claims and demands of every description. The unnecessary statement at the conclusion of the pleading that thereby the "plaintiff has been damaged" cannot be given such force as to cause us to construe the complaint as counting upon an injury to the land while its title was in the assignee.

The cause of action being for injury to property was such as would have survived the death of Hart and would have passed to his legal representatives. *Pittsburg, etc., R. W. Co.* v. *Swinney, Exx.* 97 Ind. 586. It was consequently assignable. *Patterson* v. *Crawford*, 12 Ind. 241; *Griffin* v. *Wilcox*, 21 Ind. 370; *Chicago, etc., R. W. Co.* v. *Wolcott*, 141 Ind. 267; *Fried* v. *New York, etc., R. R. Co.*, 25 How. Pr. 285; *Cincinnati* v. *Hafer*, 49 Ohio St. 60; Pomeroy's Code Rem., sections 147, 148.

Counsel argue the insufficiency of the evidence upon the apparent supposition that the only negligence charged and in issue was with reference to starting the fire. It is, however, directly averred in the complaint that the defendant "negligently permitted the fire, ignited on its said right of way, to escape therefrom and spread through and upon the plaintiff's assignor's said lands," etc.

That railroad companies must answer to those free from contributory negligence for damages resulting from their negligently permitting fires to escape from

their right of way cannot be gainsaid. *Cleveland, etc., R. W. Co.* v. *Hadley,* 12 Ind App. 516; *Louisville, etc., R. W. Co.* v. *Palmer,* 13 Ind. App. 161; *Lake Erie, etc., R. W. Co.* v. *Clark, supra.*

While there is a conflict as to where the fire originated, the evidence was sufficient to support the verdict upon the ground of negligent escape. *Terre Haute, etc., R. R. Co.* v. *Walsh,* 11 Ind. App. 13; *Chicago, etc., R. R. Co.* v. *Williams,* 131 Ind. 30.

The first instruction given authorizes the jury to find the appellant liable if it negligently suffered dry grass and other combustible materials to accumulate and be along and upon its right of way adjoining Hart's land, and negligently set fire thereto, and negligently suffered such fire to escape upon and to the Hart land, provided appellee and his assignor were themselves without fault in the premises. It is objected to this instruction that it submits to the jury the question of appellant's negligently setting out the fire, of which fact it is claimed there is no evidence. It is sufficient to say that since under the authorities above referred to it was wholly unnecessary for appellee to prove the fire to have been negligently started by appellant, it has no cause for complaint of an instruction which imposed upon appellee this unnecessary burden. The measure of damages as to the real estate was correctly declared by the trial court to be the difference in values of the land immediately before and after the fire. *Terre Haute, etc., R. R. Co.* v. *Walsh, supra; Chicago, etc., R. R. Co.* v. *Kern,* 9 Ind. App. 505; *Chicago, etc., R. R. Co.* v. *Smith,* 6 Ind. App. 262.

Had it appeared that some other factor had intervened during the fire to affect the value of the land, then, doubtless, such factor should have been expressly excluded; but our attention has not been

called to the existence of anything of this kind.   A cause for new trial, assigning that the court erred in giving instructions from one to nine inclusive, does not test the correctness of each instruction severally. To sustain the cause it must appear that all are bad. *Rees* v. *Blackwell*, 6 Ind. App. 506; *Ohio, etc., R. W. Co.* v. *McCartney*, 121 Ind. 385.

The objections to the introduction of the assignments, and statutes of Ohio, are not well taken.  As we construe it the complaint avers transfer of the cause of action sued on, and the assignments upon their face purport to convey it although it is true they do not mention this specific claim.   The general language used, however, includes it.

The evidence of Warner, of which complaint is made, was withdrawn and the jury plainly directed to disregard it.  This cured the error in its original admission, if any there was. *Indianapolis, etc., R. W. Co.* v. *Bush*, 101 Ind. 582; *Zehner* v. *Kepler*, 16 Ind. 290.

Counsel have not indicated nor have we found anywhere in the record any proper presentation of any question upon instructions asked.  The statement in the motion for new trial that the court refused such an instruction does not establish the fact. *Ahlendorf* v. *First Natl. Bank*, 6 Ind. App. 316.

We find in the record no cause for reversal.  Judgment affirmed.