CHICAGO AND ERIE RAILROAD COMPANY *v.* BAILEY.

[No. 2,097.  Filed April 2, 1897.  Petition to modify mandate dismissed January 27, 1898.]

RAILROADS.—*Fires Escaping from Right of Way.—Negligence.*—Where a railroad company negligently permitted combustibles to accumulate and remain on its right of way, and set fire to same and the fire escaped and spread to the property of an adjoining landowner and destroyed such property, without any fault or negligence on the part of such owner, the railroad company is liable for such damages, although it used all proper precautions to prevent the escape of fire from its engines. *p. 166.*

SAME.—*Fires Escaping from Right of Way.—Negligence.—Question of Fact.*—Whether a railroad company used proper care to remove combustible materials from its right of way is a question of fact for the determination of the jury under the particular circumstances of each case, regardless of the degree of care used in the construction of its locomotives. *p. 168.*

SPECIAL VERDICT. —*Railroads.—Fires Escaping from Right of Way. —Contributory Negligence.*—Where a special verdict in an action against a railroad company for damages caused by fire escaping from its right of way is silent on the question as to whether plaintiff was present when the fire started, or at any time during its continuance, a finding that he had taken certain precautions to prevent the destruction of his property prior to the date at which the fire occurred will not excuse him from showing his freedom from negligence at the time the fire actually did occur. *pp. 170-173.*

From the Pulaski Circuit Court.    *Reversed.*

*W. O. Johnson* and *M. Winfield,* for appellant.

*Spangler & Spangler* and *T. S. Rollins,* for appellee.

HENLEY, J.—This was an action brought by appellee against appellant whereby he seeks to recover damages for the loss of a certain lot of hay, corn fodder and corn, which he alleges was burned and destroyed, caused by appellant's negligence. He further claims damages resulting from the same cause by reason of the destruction of the sod of five acres of his land. The complaint is in three paragraphs. The appellant first filed a demurrer to each paragraph of complaint, alleging want of facts sufficient to constitute a cause of action; which demurrer was overruled by the court, to which ruling appellant excepted, and filed an answer in general denial. The issues thus joined were submitted to a jury, who returned a special verdict by way of answers to interrogatories. After the return of the verdict, the appellant moved for judgment upon the verdict, which was overruled by the court and exception reserved. Thereupon appellant filed a motion for a *venire de novo*, which the court overruled. And thereupon the court sustained the motion of appellee for judgment in his favor upon the special verdict of the jury, to which ruling the appellant excepted, and various motions were made by appellant to modify the judgment, which were by the court overruled, and the court rendered judgment in favor of appellee.

Appellant assigned the following errors: (1) The court erred in overruling the appellant's motion for judgment upon the special verdict in its favor. (2) The court erred in sustaining appellee's motion for judgment upon the special verdict in his favor. (3) The court erred in rendering judgment upon the special verdict of the jury in favor of the appellee for $452.50, with interest from December 5, 1895. (4) The court erred in overruling appellant's motion to modify the judgment by limiting it to five dollars and

interest from December 5, 1895. (5) The court erred in overruling the appellant's motion to modify the judgment by limiting it to $447.50 with interest from December 5, 1895. (6) The court erred in overruling the appellant's motion for a *venire de novo*.

Each paragraph of the complaint alleges that the appellant had negligently suffered and permitted dry grass, weeds, and other combustible material to be and accumulate upon the right of way; that the same was ignited by a spark of fire from its locomotive, and the fire so ignited was negligently permitted by appellant to escape from its right of way and spread to and consume appellee's property; all of which was without any fault or negligence on plaintiff's part. It was solely upon the theory of appellant's negligence in allowing combustibles to accumulate and remain upon its track that appellee obtained his judgment. The verdict clearly shows that the fire was not negligently allowed to escape from appellant's locomotive, as appears from the following questions and answers submitted to and answered by the jury: "Ques. Was there a spark arrester on the locomotive of the defendant which caused the fire? Ans. Yes. John Boyle, Foreman. Ques. What kind of a spark arrester was used? Ans. Best in use. John Boyle, Foreman. Ques. Was the spark arrester examined or inspected by the defendant's agents or employes on the 20th day of October, 1894? Ans. Yes. John Boyle, Foreman. Ques. What was the condition of the spark arrester when inspected on the 20th day of October, 1894? Ans. Good. John Boyle, Foreman. Ques. Was such spark arrester on said engine inspected on the 21st day of October, 1894? Ans. Yes. John Boyle, Foreman. Ques. What was the condition of said spark arrester when examined on the 21st day of October, 1894? Ans. Good. John

Boyle, Foreman.   Ques.   Was the spark arrester used on the engine such as is used generally upon the best equipped roads in the country?   Ans.   Yes.   John Boyle, Foreman.   Ques.   Was the spark arrester used on the engine in question in good repair and condition at the time of the fire?   Ans.   Yes.   John Boyle, Foreman.   Ques.   At the time of the fire on the 21st day of October, 1894, had it been dry for a long time?   Ans.   Yes.   John Boyle, Foreman.   Ques.   When was the smokestack and fire arrester first examined after the fire?   Ans.   October 21st, 1894, at 5 o'clock p. m. John Boyle, Foreman.   Ques.   Who made the examination?   Ans.   R. B. Thomas.   John Boyle, Foreman.   Ques.   What was the position of R. B. Thomas on defendant's road?   Ans.   Inspector.   John Boyle, Foreman.   Ques.   Is it possible to use a spark arrester on a locomotive engine for propelling cars which will absolutely prevent the emission of sparks? Ans.   No.   John Boyle, Foreman.   Ques.   Could the defendant have used upon the smokestack of the locomotive a better spark arrester than the one that was used?   Ans.   No.   John Boyle, Foreman.   Ques. What if any other precautions could the defendant have used than it did use to prevent the escape of sparks without abandoning the operation of its road? Ans.   None.   John Boyle, Foreman."

But this showing does not relieve appellant from liability herein.   If appellant was guilty of negligently permitting combustibles to accumulate and remain on its right of way and set fire to the same, and without fault upon the part of appellee, such fire escaped from its right of way, and spread to and consumed appellee's property without any fault or negligence upon appellee's part, appellant would be liable to him for damages.   *Lake Erie, etc., R. R. Co. v. Clark*, 7 Ind. App. 155; *Pittsburgh, etc., R. W. Co. v. Jones*,

86 Ind. 496; *Indiana, etc., R. W. Co. v. Overman,* 110 Ind. 538; *Louisville, etc., R. W. Co. v. Hart,* 119 Ind. 273.

Thus, it was stated in the case of the *Lake Erie, etc., R. W. Co. v. Clark, supra:* "If appellants set fire to the dry grass and other combustible materials which it had negligently suffered to accumulate on its track and right of way, and without fault on appellee's part negligently permitted such fire to escape to his lands and burn and destroy his property, appellant would be liable to appellee for his damages, whether such fire was started negligently or otherwise."

In the case of the *Indiana, etc., R. W. Co. v. Overman, supra,* the court said: "We think there was no available error in the court's exclusion of the evidence offered by appellant, in reference to the kind of stack, fire-box and ash-pan in use on its locomotives. The facts that appellant negligently permitted dry grass and other combustible materials to accumulate on its road and right of way, and that fire was communicated thereto from its locomotives in some manner, were shown by an abundance of uncontradicted evidence. The appellee's case, however, could not be, and was not, rested upon these facts, for the appellant had the right to set fire to and burn the dry grass and other combustible materials on its right of way; but it was bound at its peril to keep such fire within the limits of its right of way."

In the case of *Louisville, etc., R. W. Co. v. Hart, supra,* the court said: "It was not necessary, to entitle the appellee to recover, to prove all the acts of negligence charged in the complaint. The complaint would have been a good and sufficient complaint if it had omitted all that is charged therein as to the condition of the engine, and the manner in which it was operated. If a railroad company negligently and carelessly per-

mits grass and other combustible matter to accumulate upon its right of way, and fire is emitted from one of its passing locomotives and falls upon the grass or combustible matter that has been allowed to accumulate from want of proper care upon its part, and the fire spreads and passes over upon the lands of the adjoining proprietor and burns and consumes his property, he being guilty of no negligence contributing to the injury, the railroad company is liable for the loss sustained."

Whether a railroad company used the proper care to remove combustible materials from its right of way is a question of fact for the determination of the jury under the particular circumstances of each case. *Illinois Central R. R. Co.* v. *Mills*, 42 Ill. 407; *Perry* v. *Southern Pac. R. R. Co.*, 50 Cal. 578; *Kellogg* v. *Chicago & Northwestern R. W. Co.*, 26 Wis. 223.

And it remains a question of fact regardless of how much care was observed in the construction and operation of the locomotives.

It cannot be said that a railroad company is guilty of negligence *per se* from the fact that fire from its locomotive ignites dry leaves or grass on its line or right of way. Whether or not the company is guilty of negligence is a question of fact to be determined by the jury in view of the extent to which dead grass and weeds or other combustible material have been allowed to accumulate at the point where the fire originated, and the season of the year, and all other circumstances affecting liability from fire are proper matters of evidence to go to the jury to aid them in determining this question. A railroad company should be held to the same diligence in removing combustibles from its right of way that a cautious and prudent man would use in reference to combustible materials upon

his own premises if exposed to the same hazard from fire as dry grass upon the right of way of an operating railroad. To hold a railroad to a higher degree of care than this would make them insurers against fire escaping from their engines, no matter how high a degree of care was employed in keeping the right of way free from combustibles, or in what manner the fire escaped.

Counsel for appellant strongly argue that the lower court erred in rendering judgment in favor of appellee upon his motion therefor. Questions and answers numbered one and two in the special verdict herein are as follows: "Question 1. Was the plaintiff on the 21st day of October, 1894, the owner of the land and personal property described in his complaint? Ans. Yes. John Boyle, Foreman. Question 2. Was the personal property described in the plaintiff's complaint destroyed by fire on the 21st day of October, 1894? Ans. Yes. John Boyle, Foreman." This was the only finding with reference to the ownership description or identification of the property destroyed.

When a judgment rests upon a special verdict, all the material facts essential to support it must appear, as nothing will be supplied by intendment. It is also well settled that where an essential fact is not found in the special verdict, the party may except to the sustaining of the motion for judgment against him and thus properly present the question. *Germania Fire Ins. Co.* v. *Columbia Encaustic Tile Co.*, 11 Ind. App. 385; *Branson* v. *Studabaker*, 133 Ind. 147.

The verdict must include all the material facts both disputed and undisputed, because it is upon the facts found alone that the court must declare the law. In the case of *Collins* v. *Riley*, 104 U. S. 327, Justice Harlan, delivering the opinion of the court, said: "The special verdict must contain all the facts from which

the law is to arise; and whatever is not found therein is, for the purposes of a decision, to be considered as not existing; that it must present, in substance, the whole matter upon which the court is asked to determine the legal rights of the parties, and can not, therefore, be aided by intendment or by extrinsic facts, although such facts may appear elsewhere in the record."

To the same effect, see *Vansyckel* v. *Stewart,* 77 Pa. St. 124; *Waymire* v. *Lank,* 121 Ind. 1; *Johnson* v. *Putnam,* 95 Ind. 57; *Pittsburgh, etc., R. W. Co.* v. *Spencer,* 98 Ind. 186; *Evans* v. *Queen Ins. Co.,* 5.Ind. App. 198; *Cook* v. *McNaughton,* 128 Ind. 410.

Nor do we believe that the verdict would be aided by the maxim *"id certum est quod certum reddi potest,"* as claimed by appellee's counsel. "That is certain which can be made certain," is an old maxim, and like all general maxims, it should not be taken without limitations. Any proposition founded either in fact or law might, under this maxim, be established, yet it will certainly not be contended that the courts shall be required by time, research, experiment, or demonstration to suppply essential facts absent from but referred to in a special verdict. It is not necessary for us to hold in this case that the verdict is, for this reason, insufficient, because for another reason urged by appellant the verdict is clearly insufficient upon which to found a judgment for appellee. It is claimed by counsel for appellant that the verdict does not show that the appellee was free from negligence. It was certainly material and necessary in this case that the verdict should show appellee's freedom from negligence. If it does not so find, the motion of appellant for judgment upon the verdict should have been sustained.

The only showing in this regard made by appellee was as follows: "Question 13. What, if anything, had the plaintiff done before his property was burned to protect it from fire? Answer. Plowed and harrowed a strip twelve feet around his hay and moved his fodder not less than thirty-five rods nor more than forty rods from the company's right of way. John Boyle, Foreman. Question 29. Did the plaintiff remove the corn and fodder that was destroyed by fire on October 21, 1894, from the ground on which it grew, and stack the same in bulk thirty-five rods from the defendant's right of way? Ans. Yes. John Boyle, Foreman."

It has been held in a great number of cases in the Supreme Court of this State, and in this court, that where the verdict is silent upon a material point, it is to be deemed to be adverse to the party upon whom rests the burden of establishing that point. *Dodge* v. *Pope*, 93 Ind. 480; *Vannoy* v. *Deprez*, 72 Ind. 26; *First Nat'l Bank* v. *Carter*, 89 Ind. 317; *Dixon* v. *Duke*, 85 Ind. 434; *Johnson* v. *Putnam, supra; Hedges* v. *Keller*, 104 Ind. 479; *Bass* v. *Elliott*, 105 Ind. 517; *Glantz* v. *City of South Bend*, 106 Ind. 305; *Western Union Tel. Co.* v. *Brown*, 108 Ind. 538; *Cleveland, etc., R. W. Co.* v. *Hadley*, 12 Ind. App. 516; *Wysong* v. *Nealis*, 13 Ind. App. 165.

The special verdict itself must be deemed to embrace every material fact which was proved upon the trial and all issues not determined by the facts found must be regarded as not proved by the party that was bound to prove it to establish his case, and it will be presumed upon appeal that the evidence failed to establish the material facts not found in the special verdict. See *Western Union Tel. Co.* v. *Brown, supra.*

The fact that appellee had taken certain precau-

tions to prevent the destruction of his property prior to the date at which the fire occurred will not, under the authority by which we are bound, excuse him from showing his freedom from negligence at the time the fire actually did occur. The verdict is silent as to whether the appellee was present when the fire started, or at any time during its continuance. Neither does the verdict excuse him in any way by showing, as it might have done if the evidence justified it, that at the time the fire occurred he was absent or away from home. If he was present when the fire occurred it became his duty to try and prevent the destruction of his property, and the facts as to what he did at the time to prevent the spread of the fire should be shown by the verdict.

In the case of *Cleveland, etc., R. W. Co.* v. *Hadley, supra,* the court said: "It is as much the plaintiff's duty to establish his own freedom from contributory fault as it is to prove the negligence of the defendant, and the facts found must show this affirmatively." Again, quoting from the same case, the court says at page 526: "In the present case the finding fails to show where the appellee was or what he was doing at the time of the fire; whether he was present thereat or absent, or if present what he did to keep the fire from spreading, is not made to appear. The facts found are silent as to his whereabouts. That the fire occurred near and spread upon the appellee's premises, makes it highly probable that he was present, or had some notice or knowledge of its occurrence. What efforts he or any of his family made to arrest the fire, and to prevent the burning of the property, and why they did not succeed therein, is not made to appear. It cannot be presumed that the appellee was absent at such a time, or if he was present that he did all he could to prevent or lessen the injury. We think the

verdict is fatally defective in this regard. It should have found the facts necessary to show that the appellee was free from fault. This it does not do. If the facts found were such as made it most probable that the appellee was absent, an express finding to that effect might not be necessary. But the probability is otherwise."

We think the verdict in this case is fatally defective in failing to show that the appellee was himself without fault. For that reason, the judgment must be reversed and the case remanded with instruction to the lower court to render judgment for the appellant upon the special verdict.

### DISSENTING OPINION.

COMSTOCK, C. J.—With the conclusion in the foregoing opinion that the judgment should be reversed I concur; from the conclusion that the lower court render judgment in favor of the appellant I dissent. In my opinion justice would be best subserved by ordering a new trial.