## LAKE ERIE AND WESTERN RAILWAY COMPANY v. MILLER.

[No. 3,128.  Filed May 29, 1900.]

RAILROADS.—*Fires.*—*Negligence.*—*Damages.*—Where a railroad company set fire to dry grass upon its right of way and negligently permitted the same to spread to adjoining land belonging to plaintiff. without fault on the part of plaintiff, and destroyed his property, it is liable in damages therefor.  *pp. 662-664.*

HARMLESS ERROR.—*Evidence.*—The admission of incompetent evidence, which was immaterial, is not such an error as will furnish cause for the reversal of a judgment which is supported by sufficient material evidence.  *pp. 665, 666.*

EVIDENCE.—*Cross-Examination.*— Inquiry of a witness on cross-examination as to a certain conversation was improper, where the witness was not asked about the conversation in his examination in chief.  *pp. 666, 667.*

From the Jay Circuit Court.  *Affirmed.*

*J. J. M. La Follette, J. F. La Follette* and *O. H. Adair,* for appellant.

*T. Bosworth* and *S. W. Haynes,* for appellee.

WILEY, J.—Appellee sued appellant to recover damages for property alleged to have been destroyed by fire resulting from appellant's negligence.  The complaint was originally in three paragraphs, but before the conclusion of the trial appellee dismissed his second paragraph of complaint. Appellant answered by general denial.  A trial by jury resulted in a general verdict for appellee, and with their general verdict the jury answered and returned interrogatories submitted to them.  Appellant's motion for a new trial was overruled, and judgment for appellee was entered.

But two questions are discussed by appellant:  (1) That the third paragraph of complaint does not state facts sufficient to constitute a cause of action, and (2) that the court erred in overruling the motion for a new trial.  By an answer to an interrogatory, it is shown that the jury rested

their verdict on the third paragraph of complaint. That part of the third paragraph charging negligence on the part of appellant is as follows: That "defendant by its servants and employes so negligently and carelessly conducted the running of its locomotive, or engine, by and along the line of plaintiff's said land, that said engine fired the thick and high grass on defendant's right of way, and said company negligently let the same spread to plaintiff's blue-grass pasture adjoining said right of way, and burned over some thirty acres of plaintiff's land; and burned and destroyed fences for plaintiff; * * * and cord-wood, * * * and growing timber, etc., all of the aggregate value," etc.

The complaint avers that the damage to his property was without any fault on his part. It seems to us that this paragraph of complaint proceeds upon the theory that appellant's negligence consisted in permitting the fire to escape from its right of way upon appellee's premises, by which his property was injured and destroyed. Appellant had a right to set fire to the combustible matter on its right of way, but it was bound at its peril to keep such fire within the limits of its right of way. *Indiana, etc., R. Co.* v. *Overman*, 110 Ind. 538. Its negligence consisted in permitting the fire to escape to the adjoining premises of appellee, and for the injury resulting from such negligence it is answerable in damages.

In *Lake Erie, etc., R. Co.* v. *Clark*, 7 Ind. App. 155, this court said: "If appellant set fire to the dry grass and other combustible materials which it had negligently suffered to accumulate on its track and right of way, and without fault on appellee's part negligently permitted such fire to escape to his lands and burn and destroy his property, appellant would be liable to appellee for his damages, whether such fire was started negligently or otherwise."

In the case of *Chicago, etc., R. Co.* v. *Bailey*, 19 Ind. App. 163, it was held that where a railroad company negligently permitted combustibles to accumulate and remain on

its right of way, and set fire thereto, and the fire escaped to the property of an adjoining landowner and destroyed his property, without his fault or negligence, such railroad company would be liable for the resulting damages, although it used all proper precautions to prevent the escape of fire from its locomotive. See also *Pittsburgh, etc., R. Co. v. Jones*, 86 Ind. 496; *Indiana, etc., R. Co. v. Overman*, 110 Ind. 538; *Louisville, etc., R. Co. v. Hart*, 119 Ind. 273, 4 L. R. A. 549. Under these authorities, we must hold the third paragraph of complaint good.

Appellant based its motion for a new trial upon eighteen reasons. We will dispose of the several questions thus raised in the order in which they are discussed.

The first three reasons for a new trial question the sufficiency of the evidence to support the verdict. Before proceeding to the consideration of the question thus raised, it is proper to state the facts specially found. In brief, they are as follows: That the fire referred to in the complaint originated on appellant's right of way; that the fire was started from sparks from a passing engine on appellant's road, and that the fire thus set escaped from the right of way. Other facts were specially found, but they are not pertinent to the question under consideration. There is evidence in the record from which the jury were authorized to return a general finding for appellee, and which abundantly supports every fact specially found. This being true, we can not disturb the verdict and judgment on the evidence.

The fourth reason for a new trial is that the court erred in overruling appellant's motion for judgment on the interrogatories, notwithstanding the general verdict. If there is such a motion in the record, a most diligent search has failed to disclose it, and counsel have not called our attention to the record where it may be found. But if such a motion is in the record, it was not error to overrule it. The answers to interrogatories are not in irreconcilable conflict

with the general verdict, but on the contrary, are in harmony with it.

The fifth to the sixteenth reasons for a new trial, except the ninth, challenge the action of the court in admitting, over appellant's objection, certain evidence, and in refusing to strike out such evidence. All the evidence thus objected to had reference to other fires along appellant's right of way prior and subsequent to the one which destroyed appellee's property, and the condition of the grass on the right of way at or near where such fires occurred. Appellee seeks to sustain the action of the trial court in admitting such evidence by the rule laid down in the line of cases holding that evidence of other fires is competent in actions for damages done by fire escaping from the right of way of a railway company, where such fire is started by a passing locomotive, and it is shown that the same locomotive started other fires at other places at other times. In *Louisville, etc., R. Co.* v. *McCorkle*, 12 Ind. App. 691, it was held that, while a single fire occasioned by the emission of sparks from an engine may not be sufficient to establish the fact that the spark-arrester was worn and defective, yet, where a locomotive, day after day emits fire, igniting adjacent premises for distances from fifty to 150 feet from the track, the jury may infer negligence on the part of the company with respect to such appliances. The particular negligence charged in that case was that the spark-arrester and other appliances were defective, so that sparks and coals of fire would escape, and in permitting such fire to escape from the company's right of way to the adjacent premises of the appellee. The trial court permitted the appellee to prove that the same locomotive that emitted sparks and coals of fire which ignited the grass, etc., on the right of way, and spread to his property, had on other occasions and at other places emitted sparks and coals of fire which had communicated fire to adjacent premises, etc. This court held that the evidence was to be considered by the jury in determining whether or not the railroad company was negligent.

In *Lake Erie, etc., R. Co.* v. *Gould*, 18 Ind. App. 275, appellee was permitted to testify to other fires on the same day his property was destroyed, which were set out by the same locomotive. Such evidence was held competent, and in passing upon it the court, by Henley, J., said: "It would be competent as going to show either a careless operation, or faulty construction of the locomotive which set out the fire which destroyed appellee's property." We think, however, that the evidence admitted over appellant's objections does not come within the rule established by the authorities cited, but rests upon entirely different grounds. We think the evidence complained of was incompetent, was not pertinent to the issues, and neither was it material. It is the established rule in this jurisdiction that the admission of incompetent evidence, which is also immaterial, is not such an error as will furnish cause for the reversal of a judgment which is supported by sufficient material evidence in the case. *Louisville, etc., R. Co.* v. *Miller*, 141 Ind. 533, 562; *Snell* v. *Maddux*, 20 Ind. App. 169; *Parmlee* v. *Sloan*, 37 Ind. 469.

In this case there was abundant, competent, and material evidence to support the verdict and judgment. The evidence admitted, and of which appellant complains, was incompetent, but immaterial, and hence, under the rule stated, must be regarded as harmless.

The ninth reason for a new trial is based upon the court's sustaining an objection of appellee to a question propounded to the witness Vannettan by appellant on cross-examination. This witness, with another person, was out hunting, and was near the track of appellant when the train passed which it is claimed set out the fire. His evidence shows that very soon after the train passed he discovered fire burning in a bunch of grass on the right of way. He also testified that soon after the fire began to burn, the section men came and were trying to keep it from spreading, and that during the same day he saw the section men at the house of appellee and

talked to them. He was then asked this question: "Did you say anything to them about what you had seen?" Appellee objected to the question, and the objection was sustained. We are unable to see any error in such ruling of the court. In the examination in chief the witness was not asked any question about a conversation with the section men, and the objection was based on the ground that it was not proper cross-examination.

This disposes of every question discussed by counsel for appellant. We do not find any reversible error. Judgment affirmed.