CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILWAY COMPANY *v.* BROWN.

[No. 19,227. Filed May 7, 1901. Rehearing denied Dec. 11, 1901.]

APPEAL AND ERROR.—*Trial.—Examination of Witness.—Correction of Discrepancy in Testimony.* — *Harmless Error.* —Where, in the trial of an action against a railroad company for damages to property caused by fire escaping from defendant's right of way, it appeared that plaintiff owned land in seven different sections that were burned over, the refusal of the court to permit counsel for defendant to ask a witness on cross-examination "Do you say it makes a difference of $2 an acre in fifteen minutes, in the price?"—witness having testified in his examination in chief that land in a certain section was worth $6 or $7 an acre before the fire, and on cross-examination that it was worth $5 an acre, was harmless, where it was shown by a subsequent answer that witness was at the time mistaken as to the section. *pp. 546, 547.*

SAME.—*Misconduct of Court.—Exception.—Trial.*—No question is presented on the alleged misconduct of the court in stating during the examination of a witness "I can't permit that; treat the witness fairly", where the exception was taken to the rejection of the question, and no exception was taken to the remarks of the court, nor the alleged misconduct specified as a ground for a new trial. *p. 546.*

TRIAL.—*Evidence.— Harmless Error.*— Error in refusing to allow a witness to answer a question in a certain form is cured by a subsequent question propounded by the complaining party which elicited an answer that responded fully to the rejected question. *pp. 546, 547.*

EVIDENCE. —*Opinion of Witness.—Railroads.—Fires.*—An objection to the opinion of a witness as to the value of land after the fire, in an action against a railroad company for damages caused by fire escaping from its right of way, on the ground that he had been upon only a small portion of the land after the fire, was properly overruled, where the witness was well acquainted with the nature and value

of the land, and had given, without objection, his opinion of the value before the fire, since the objection went rather to the weight than to the competency of the testimony.  *p. 547.*

RAILROADS.— *Fires.—Damage to Land.— Instruction. — Measure of Damages.*—No error was committed in instructing the jury in an action against a railroad company for damages to land caused by fire escaping from defendant's right of way, that the measure of damages was the difference, if any, between the market value of the land burned over, immediately before the fire, and its fair market value immediately afterward, where no other cause for depreciation was suggested by defendant in the trial of the cause. *pp. 547, 548.*

SAME.—*Fires.—Damage to Personal Property.*—An instruction in an action against a railroad company for damages to property caused by fire escaping from the right of way, that the measure of damages was its fair market value at the time of its damage or destruction, was erroneous in respect to personal property that was injured only, and not totally consumed.  *pp. 548, 549.*

APPEAL AND ERROR.— *Remittitur.*— Where, in an action against a railroad company for damages to land and personal property, caused by fire escaping from the right of way, the court erred in instructing the jury as to the measure of damages to personal property that was injured and not totally destroyed, and the damage assessed because of such erroneous instruction is ascertainable from the record, and the remainder of the verdict and judgment was not, and could not have been affected by the instruction, and is right, the court will permit the plaintiff to cure the error by remittitur. *p. 549.*

From Jasper Circuit Court; *R. S. Dwiggins,* Special Judge.

Action by William B. Brown against the Chicago, Indianapolis and Louisville Railway Company for damages to plaintiff's property caused by fire escaping from defendant's right of way.  From a judgment for plaintiff, defendant appeals.  *Affirmed conditionally.*

*E. C. Field, W. S. Kinnan* and *J. B. Peterson,* for appellant.

*Wm. Johnston* and *J. W. Youche,* for appellee.

BAKER, J.—Appellee recovered a judgment for $10,000 for damages to his property caused by appellant's negli-

gently permitting fire to escape from its right of way. The only error assigned is the refusal of a new trial.

Appellant was not allowed to ask appellee's witness Stowell on cross-examination the following question: "Do you say it makes a difference of $2 an acre in fifteen minutes in the price?" Appellee owned lands in seven different sections that were burned over, and the witness on direct examination had testified as to the values of the various parcels before and after the fire. Appellant was taking the witness over the same ground, and the excluded question appears in the following connection: "Q. Now take the land in section eighteen, what was that worth before the fire? A. About $5. Q. About $5? You told Mr. Youche (on direct examination) it was worth six or seven, didn't you? A. I don't know. Q. You don't know? A. No, sir. Q. Do you say it makes a difference of $2 an acre in fifteen minutes in the price (in the time since you testified on direct examination)? The court: I can't permit that. * * * Treat the witness fairly." If there was any doubt as to the propriety of the court's action, and if that doubt could be magnified into an abuse of discretion in controlling the cross-examination, the error would be harmless, for, after the witness's attention had been called to the relative locations of various sections, the cross-examination was allowed to proceed thus: "Q. Now how does it come that you made this difference in your estimate of $2 an acre? A. Well, I was mistaken in the section. Q. Made a mistake in the section? When did you make the mistake, before or now? A. Just now. Q. Just now? A. Yes sir, I was thinking of another section." Appellant claims to have been injured by the remarks made by the court in excluding the foregoing question. The exception was taken to the rejection of the question. No exception was taken to the remarks of the court, nor was the alleged misconduct specified as one of the grounds for a new trial.

The following question was also propounded to the wit-

ness Stowell on cross-examination: "You answered Mr. Youche a minute ago eight, didn't you?" And the court interposed: "Ask him what he did answer." Appellant excepted to the rejection of the question, but immediately proceeded: "Q. Do you remember what you told Mr. Youche the value of section fourteen was after the fire? A. I told him seven or eight [dollars per acre]." By the second question appellant elicited an answer that responded fully to the rejected question.

Appellee's witness Dinwiddie was asked on direct examination: "Take that same land after the fire, what was it worth after it was burned?" Appellant objected to the witness's being permitted to answer on the ground that he had not shown himself qualified to speak on that subject. The witness had stated that he had lived since 1853 on lands adjoining appellee's, was well acquainted with the nature and value of lands in the neighborhood, including appellee's, and had given without objection his opinion of the value before the fire. The objection to his giving his opinion of the value of appellee's lands after the fire is based upon his testimony that he had only been upon a small portion of them since they were burned. The witness had stated that he had observed how appellee's lands were burned, and that he had had experience with lands of the same kind that had been similarly burned, and knew their value. Although the extent to which the witness had been upon appellee's lands after the fire was limited, there was no limitation in his answer as to his observations. But even if his observations were limited, the objection went rather to the weight than to the competence of his testimony.

The court gave this instruction: "The rule for the measure of damages, if there is a right of recovery, is the difference, if any, between the fair market value of the land burned over, belonging to the plaintiff, immediately before the fire and its fair market value immediately afterwards." Counsel are correct in saying that appellant should pay

only for the direct consequences of its wrongful act, and should not be held liable for the depreciation in the value of the land, while the fire was in progress, resulting from the collapse of a real estate boom or other intervening causes. In the following cases, however, it has been held that the measure of damages is the difference in values of the land immediately before and after the fire: *Chicago, etc., R. Co.* v. *Smith,* 6 Ind. App. 262; *Chicago, etc., R. Co.* v. *Kern,* 9 Ind. App. 505; *Terre Haute, etc., R. Co.* v. *Walsh,* 11 Ind. App. 13; *Louisville, etc., R. Co.* v. *Sparks,* 12 Ind. App. 410; *Baltimore, etc., R. Co.* v. *Countryman,* 16 Ind. App. 139; *Louisville, etc., R. Co.* v. *Spencer,* 149 Ill. 97, 36 N. E. 91; *Hayes* v. *Chicago, etc., R. Co.,* 45 Minn. 17, 47 N. W. 260; *Ward* v. *Chicago, etc., R. Co.,* 61 Minn. 449, 63 N. W. 1104; *Dwight* v. *Elmira, etc., R. Co.,* 132 N. Y. 199, 30 N. E. 398, 15 L. R. A. 612; *Ft. Worth, etc., R. Co.* v. *Hogsett,* 67 Tex. 685, 4 S. W. 365. And in the majority of them the decisions involved an approval of instructions in which the rule was stated as above, without qualification. We entertain no doubt but that every one of those courts would have added a qualification that would have excluded all intervening causes, if any such had appeared in the case. But when a plaintiff proves that the defendant has negligently injured his property by fire—a sufficient cause for depreciation in value—and when the defendant contests the extent of the depreciation without suggesting that there was any other cause, the trial court should not be criticised for treating the case as the parties treated it, or for failing to state to the jury the legal effect of circumstances which the defendant does not claim existed. To quote from *Baltimore, etc., R. Co.* v. *Countryman, supra:* "Had it appeared that some other factor had intervened during the fire to affect the value of the land, then, doubtless, such factor should have been expressly excluded; but our attention has not been called to the existence of anything of this kind."

In regard to the personal property, the court charged:

"And as to the other property injured or consumed, if any, the measure of damages is its fair market value at the time of the damage or destruction." This instruction was erroneous in respect to personal property that was injured only and not totally consumed. It is manifest, however, that the error could have had no influence upon the damages awarded for injury to the land or for destruction of personalty. The undisputed evidence shows that all the personalty was completely consumed except one hay-press, and that the fair market value of this was $250 immediately before it was injured by the fire and $200 immediately afterwards. From the whole record, it is demonstrated with certainty that the error was prejudicial to the extent of $200 only, and that $9,800 of the verdict and judgment was not, and could not have been, affected by the instruction complained of. If the error had been harmless, the judgment as rendered ought to be affirmed; and, although the error was injurious, this court should permit appellee to cure the injury at his expense, since the utmost extent thereof is known. *Frazer* v. *Boss*, 66 Ind. 1; *Hayden* v. *Florence Sewing Mach. Co.*, 54 N. Y. 221.

It is ordered that the judgment, as to $9,800, be affirmed at appellee's costs, if within thirty days he shall enter a remittitur for $200 as of the date of the judgment; otherwise, it is ordered that the judgment be reversed and a new trial granted.