Joyce Lynette **TURNER**, Appellant
(Defendant Below),

v.

**STATE of Indiana,** Appellee
(Plaintiff Below).

No. 381S61.

Supreme Court of Indiana.

Dec. 15, 1981.

Debra K. Luke, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant), following a trial by jury, was convicted of murder, Ind.Code § 35–42–1–1 (Burns 1979) and sentenced to thirty-one (31) years imprisonment. This direct appeal presents the following issues:

(1) Whether the verdict is supported by sufficient evidence?

(2) Whether the trial court erred in admitting the testimony of a police officer who interrogated the defendant?

(3) Whether the trial court abused its discretion in admitting testimony from a witness who had violated an order that the witnesses be separated?

The evidence most favorable to the State shows that the deceased, Charles Turner, was present, in the living room, at the home of his estranged wife, Joyce Turner (the defendant) during the evening of January 17, 1980. An argument ensued between them during which the deceased grabbed his grandchild and later struck at the defendant. The couple's daughter was present but fled from the room when the defendant drew a gun. Shortly thereafter, shots were heard from the living room. When the couple's daughter re-entered the room, immediately thereafter, she found the defendant with the gun and the deceased lying on the floor with bullet wounds in his chest.

Defendant claimed that she had acted in self-defense and also entered a plea of not guilty by reason of insanity.

## ISSUE I

Defendant asserts that there was insufficient evidence to support the verdict of the jury with respect to her sanity. In this

regard, she misperceives the burden that she is under.

Under Ind.Code § 35–41–4–1(b) (Burns 1975) the defendant invoking a defense of insanity has the burden of proving such insanity by a preponderance of the evidence. *Basham v. State*, (1981) Ind., 422 N.E.2d 1206.

■ One who has interposed such a defense and failed therein at the trial level has a monumental burden if he seeks to upset the finding of the fact trier on appeal, for he is appealing from a negative finding, and the issue is not whether or not the finding was sustained by the evidence but rather whether it was contrary to all the evidence and hence *contrary to law.* It is only where the evidence is without conflict and leads to but one conclusion and the trier of fact has reached an opposite conclusion, that the decision predicated upon such finding will be disturbed as being contrary to law. *Walker v. State*, (1978) 267 Ind. 649, 651, 372 N.E.2d 739, 740.

■ At the trial, three medical experts testified on the issue of whether the defendant was legally insane at the time of the shooting. One doctor testified that he thought that the defendant was not legally insane. Two other doctors testified that they had independently examined the defendant and had found that she was insane at the time of the shooting. Defendant's children also testified about her delusional behavior, her belief that she possessed psychic powers, her belief that someone was trying to kill her and her family, and other alleged indicia of insanity.

The evidence relative to Defendant's sanity was in conflict. Thus it cannot be said that the jury's finding thereon was contrary to law.

■ Defendant also contends that the State failed to prove beyond a reasonable doubt that the defendant did not kill her husband in lawful defense of herself and directs our attention to several aspects of the evidence supportive of a claim of self defense. The couple was estranged. He was large, and in good physical condition.

They had had frequent verbal altercations, he had, on past occasions threatened her with physical harm, and she was afraid of him.

However, there was also evidence that she had, on the Sunday prior to the fatal incident, threatened to kill the decedent unless he brought her some money. Earlier in the evening of the incident, Defendant and decedent had had a conversation in the living room of Defendant's home. Defendant exited from the room and had a telephone conversation in the bedroom, and Decedent went on a brief errand for one of his daughters, who also resided there. While he was gone, Defendant returned to the living room complaining of her stomach, and was carrying a hand gun, which she had pressed against her stomach. Shortly thereafter the decedent returned and entered the living room. The conversation was resumed and turned into a loud argument. A daughter fled screaming from the room and the fatal shots were fired.

The question of self defense was a matter for the jury to decide. The evidence and conclusions inferable therefrom were in conflict.

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. (citation omitted). In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses. (citation omitted)."

*Loyd v. State*, (1980) Ind., 398 N.E.2d 1260, 1264, *cert. denied*, (1980) 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

In this case, there was no conflict in the evidence, and the issue is whether the jury could find, therefrom, beyond a reasonable doubt, that the defendant had not acted in lawful self defense when she shot and killed the decedent. Clearly, a reasonable man could have concluded, beyond a reasonable doubt, from the evidence hereinbefore recit-

ed that the defendant was not in fear of death or great bodily harm from the decedent, merely because he arose from his chair during an argument and attempted to strike her with his hand or fist. Although he was known to carry a pocket knife, it was not drawn and he was not otherwise armed. And, although he may have been verbally abusive of her in the past, such abuse had been mutual, and he had never harmed her.

Supporting a reasonable conclusion that the defendant had killed the decedent purposefully and without legal justification is the evidence that she had previously threatened to kill him and had armed herself with a concealed weapon following a prior argument and during his absence, in anticipation of his return.

The jury is the sole judge of whether an explanation of the circumstances upon a theory other than a hypothesis of guilt is sufficiently strong to raise a reasonable doubt of the accused's guilt. *Parker v. State*, (1981) Ind., 425 N.E.2d 628. We are warranted in overturning a jury's conclusion under such circumstances, only when it could not be reasonably drawn. We find no error here.

## ISSUE II

■ Defendant next contends that the trial court erred in admitting testimony from a police officer that the defendant had been advised of her rights and had then made a statement.

The trial court ruled that the defendant's confession was admissible solely as it was relevant to her insanity plea. The court therefore allowed the arresting officer to testify that after he gave the defendant her *Miranda* warnings, she asked for an attorney and then volunteered a statement. There was no objection to this testimony by the defendant, nor was there a request for an admonition or final instruction as to the limited use for which this testimony could be considered. Indeed, Defendant's attorney cross examined the police officer regarding the circumstances of Defendant's request for an attorney and her volunteered statement.

Defendant did not raise this issue in her Motion to Correct Errors, and is therefore deemed to have waived review of it. *McGraw v. State*, (1981) Ind., 426 N.E.2d 1290, *Guardiola v. State*, (1978) 268 Ind. 404, 405, 375 N.E.2d 1105.

■ Even had the issue been properly raised and preserved, the testimony was admissible as evidence probative of the defendant's sanity. Defendant argues that the revelation of the defendant's exercise of her constitutional right to the assistance of counsel is "fundamentally unfair" in that it turns this right against her at trial and permits an inference that the defendant acknowledged her guilt. Nonetheless, the testimony was admissible as evidence of the defendant's demeanor relevant to the question of her sanity at the time of her arrest. *Sulie v. State*, (1975) 269 Ind. 204, 207–208, 379 N.E.2d 455, 457. While cognizant of the potential for abuse of such testimony, this Court has held that when the defendant's sanity is at issue, evidence bearing a logical relevance to such issue, such as whether the defendant had the presence of mind to request an attorney, is admissible. *Howard v. State*, (1976) 265 Ind. 503, 355 N.E.2d 833. The trial court committed no error on this point.

## ISSUE III

■ Defendant next seeks review of what she terms abuse of discretion by the trial judge. Specifically Defendant charges abuse in (1) failing to admonish the witness, the audience and the jurors with respect to the purpose of the order that the witnesses be separated; (2) failing to instruct the jury concerning the outcome of a hearing held outside the jury's presence concerning an alleged violation of the witness separation order and improper comments by spectators, and (3) in permitting a witness to testify, notwithstanding her violation of the witness separation order and notwithstanding an expression of his concern for her credibility.

These matters are not available for review. With respect to (1) and (2), no trial motion or objection whatsoever was made. *Rennert v. State*, (1975) 263 Ind. 274, 329 N.E.2d 595, *Pinkerton v. State*, (1972) 258 Ind. 610, 283 N.E.2d 376, *McMinoway et al v. State*, (1973) 260 Ind. 241, 294 N.E.2d 803. Defendant did object to the witness, Mary Triplett's being allowed to testify, citing as grounds therefor her exposure to and communications with others notwithstanding the order for separation of the witnesses. However, the court's action in permitting her to testify was not challenged by the motion to correct errors. *Pinkerton v. State, supra.*

With but few exceptions, errors not presented by a motion to correct errors are deemed to have been waived. In essence, the three assignments argued under this section of Defendant's brief are addressed to the trial court's actions in matters that lay within his discretion. The contention is that he abused that discretion, that is to say that he clearly erred and that such errors denied the defendant a fair trial. Such a contention falls squarely within the provision of Trial Rule 59(A)(1) and 59(D)(1). The contentions of Defendant are not assignable independently of the motion to correct errors. *Chicago, I. & L. R. Co. v. Brown*, (1901) 157 Ind. 544, 60 N.E. 346.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and HUNTER and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.