**Mark A. LAUTZENHEISER, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 883 S 318.**

Supreme Court of Indiana.

Aug. 7, 1985.

Jerry E. Levendoski, Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Phillip B. Rarick, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from jury convictions of rape, a class A felony, Ind.Code § 35–42–4–1, attempted rape, a class A felony, Ind.Code § 35–41–5–1, Ind.Code § 35–42–4–1, and two counts of burglary, class B felonies, Ind.Code § 35–43–2–1. Appellant received a total sentence of sixty years.

The sole issue raised in this appeal is whether the verdict of the jury is contrary to the law in that appellant allegedly established by a preponderance of the evidence that he was insane at the time of the offenses.

The convictions are based upon two separate incidents of rape and attempted rape of the same victim. Appellant broke into the victim's apartment in both instances although the victim had installed extra security devices before the second incident. The victim positively identified appellant as the person who attacked her on both occasions. The police arrested appellant shortly after the second incident when maintenance men at the apartment complex were able to write down the license number of the car in which appellant fled. One of the maintenance men chased appellant's car and forced him to a stop in a snowbank.

Appellant entered a plea of not guilty by reason of mental disease or defect.

Under Indiana law, an appellant invoking a defense of insanity has the burden of proving such insanity by a preponderance of the evidence. Ind.Code § 35–41–4–1(b) (Burns 1985 Repl.); *Basham v. State* (1981), Ind., 422 N.E.2d 1206. The defense of insanity which was in effect at the time of appellant's trial is defined in the following manner:

> "(a) A person is not responsible for having engaged in prohibited conduct if, as a result of mental disease or defect, he lacked substantial capacity either to appreciate the wrongfulness of the conduct or to conform his conduct to the requirements of law.
>
> "(b) 'Mental disease or defect' does not include an abnormality manifested only by repeated unlawful or antisocial conduct."

West's A.I.C. § 35–41–3–6.

This Court has stated that one who has interposed an insanity defense and failed therein at the trial level has a monumental burden if he seeks to upset the finding of the trier of fact on appeal. This is because such an appellant appeals from a negative judgment, and the issue is not whether the finding was sustained by the evidence but rather whether it was contrary to the evidence and hence contrary to law. *Turner v. State* (1981), Ind., 428 N.E.2d 1244, 1246. It is only where the evidence is without conflict and leads to but one conclusion and the trier of fact has reached an opposite conclusion that the decision predicated upon such finding will be disturbed as being contrary to law. *Turner v. State,* 428 N.E.2d at 1246.

The jury in the instant case heard conflicting evidence on the issue of appellant's sanity. Two court-appointed psychiatrists testified that in their opinions appellant was sane at the times of the instant offenses, was able to appreciate the wrongfulness of his conduct, and was able to conform his conduct to the rules of society at that time. A third medical expert, a psychologist, testified that in his opinion appellant had some brain damage and suffered from serious mental diseases or disorders. He testified that he felt that appellant suffered from a disease of impulse control called an "intermittent explosive disorder" which periodically caused the loss of control of aggressive impulses. However, this witness did not give an opinion as to whether appellant was sane at the time of the instant offenses.

The jury also heard testimony about an incident of bizarre sexual behavior when appellant was 16 years old that resulted in an evaluation at the Northeastern Mental Health Center and a recommendation for therapy which appellant did not pursue. In addition, the jury was aware that the two attacks underlying the instant charges involved some abnormal behavior by appellant. However, the jury also heard evidence which showed that appellant acted in a rational and logical manner during the crimes. During the second attack he carefully hid in a closet for a time after the victim came into her apartment. When the victim told him that she had called the police, he calculated that he had enough time to rape her and get away. He told her that he had returned to her apartment because she was "so good the last time."

The evidence in this case relative to appellant's sanity was in conflict. Thus it cannot be said that the jury's finding thereon was contrary to law.

The convictions are affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., not participating.